M. L. HILL v. O. G. GLEISNER, JOHN WERSHING AND CERTAIN PREMISES, Appellants.

Canvass of Consent to Liquor Selling:      FINDINGS AS TO EACH TOWN TO BE ENTERED OF RECORD. Code, section 2450, provides that all statements of general consent to sell intoxicating liquors, filed with the county auditor, shall be canvassed by the board of supervisors, "and its finding as to the result in the city having over 5,000 inhabitants, or a county, as the case may be, and the various towns and townships therein shall be entered of record." Held, that a finding, and entry of record thereunder, that a statement was signed by a majority of

the voters of a township, was not sufficient to bar proceedings against persons for selling liquor in a town included therein, without a similar entry and finding as to such town, inasmuch as section 2449 provides that a statement shall not be construed as a bar in any town in which a majority of the voters do not sign it.

ORAL EVIDENCE OF FINDINGS INADMISSIBLE. The board alone is authorized, under section 2450, to make the canvass and findings, subject to review only on appeal, and, to do so in case of a town included within a township, may hear evidence to determine the sufficiency of the statement in relation thereto, and hence evidence outside of the record of the board to show that a majority of the voters signed the statement is inadmissible.

*Appeal from Winneshiek District Court.—HON. L. E. FEL-LOWS, Judge.*

WEDNESDAY, DECEMBER 19, 1900.

ACTION in equity to enjoin and abate a liquor nuisance. Defendants answered, alleging compliance with the mulct law, and plaintiff replied, denying that said law had been complied with, in that "the board of supervisors of said county have made no findings of record as to whether or not a majority of the voters, as shown by the poll lists of said election at the last preceding general election of said county, residing in the incorporated town of Ossian, Iowa, signed said statement of consent, as required by law." Decree was rendered for plaintiff substantially as prayed and the defendants appeal.—*Affirmed.*

*John B. Kaye* for appellants.

*E. R. Acres* for appellee.

GIVEN, J.—I. There is no dispute as to the facts, and the following statement will be sufficient for the purpose of this inquiry: On and for some time prior to the filing of this petition, March 10, 1900, the defendant Gleisner kept intoxicating liquors for sale and sold the same, in the

premises described, situated in. the incorporated town of Ossian, which premises belonged to the defendant Wershing, who knew of the use being made thereof. Further facts are shown by a stipulation as follows: It is stipulated that during the month of April, 1897, there was circulated in Winneshiek county, Iowa, a petition of general consent to sell intoxicating liquors, which. was signed by more than 65 per cent. of the legal voters who voted at the last preceding general election in said county, as shown by the poll list of said election, and that at the January, 1898, session of the board of supervisors of Winneshiek county, Iowa, on due notice given, the board canvassed the petition, and found that more than 65 per cent. of the voters who voted at the last preceding general election in said county had signed said petition, as shown. by the poll lists of said election, and entered their findings of record, as to the county and the various townships and voting precincts in said county, but made no finding of record as to the number of voters who voted at the 1896 general. election in .said county residing in the town of Ossian, Iowa, introduced before said board, nor was any appeal taken from the said action of the said board. It is further stipulated that the town of Ossian, Iowa, is duly incorporated, and that the incorporated town of Ossian is not a separate voting precinct at any general election; that Military township, wherein said town is situated, is the voting precinct; that the board of supervisors found and entered of record that there were 370 voters in Military township at the 1896 general election, and that 321 had signed said consent petition, as shown by the poll lists of said election.. It is further stipulated that the opinion in the case of *Cameron v. Fellows,* 109 Iowa, 534, shall be considered as evidence in this case. It is stipulated that defendants can show before the said district court, by the poll lists of said election, by the consent petition, and by oral testimony of witnesses, that, as a matter of fact, more than a majority of

the voters at said election. residing in the town of Ossian, Iowa, signed said petition, and, for the purposes of this case, it is to be considered as though it were so shown, subject to this objection by plaintiff, separately and to each of the foregoing propositions, that it is incompetent, irrelevant, and immaterial, not the best evidence, and that it cannot be shown in any other way than by the record of the board of supervisors of Winneshiek county, Iowa; that said evidence is further incompetent on the ground it is an attempt on part of defendants to add to the record of the said board of supervisors by parol evidence. It is further stipulated that the said board of supervisors made no finding, and made no record of any finding, as to the number of voters who voted at the 1896 general election in said county residing in the incorporated town of Ossian, Iowa, nor the number of signers to said petition residing in said town. It is further stipulated that the defendants have observed the requirements of the law in said cause as to giving bond, having written consent of resident freeholders, consent by resolution of town council, payment of all taxes assessed against said property, and the filing of list of all names of persons employed about the saloon in question, and the same have been filed with the county, auditor of said county.

II. Section 2449 of the Code provides that the statement of general consent shall not "be construed as a bar in any town in which a majority of the voters do not sign said statement." It will be observed that the board of supervisors, in canvassing this statement of general consent, did not find and enter of record that it was signed by a majority of the voters of the town of Ossian. Section 2450 provides that all statements of general consent filed with the auditor shall be canvassed by the board of supervisors, "and its finding as to the result in the city having over 5,000 inhabitants, or the county, as the case may be, and the various towns and townships therein, shall

be entered of record. And such findings shall be effectual for the purposes herein contemplated until revoked as herein provided." Plaintiff contends that the board of supervisors alone has jurisdiction to pass upon the sufficiency of statements of general consent, subject only to the right of appeal; that their sufficiency cannot otherwise be inquired into and determined; and that in cases like this the board may take evidence as to who and how many of those signing the general consent were voters of the town who voted at the last election. He also contends that, because it was not found and entered of record that this statement of general consent was signed by a majority of the voters of the town of Ossian, it is not a bar to this action. The defendants contend that "town" and "towns," as used in said sections, refer to towns that constitute one or more voting precincts at general elections, and not to towns like Ossian, that only compose a part of a precinct. In support of this, they insist that the canvass must be made from the poll book and statement alone; that when the town is only a part of a precinct where votes are cast at a general election there is no poll book showing separately the voters of that part, therefore no poll book with which to make comparison, and that in such case the finding must be as to the town. They deny that the board has jurisdiction to take evidence other than the statement and poll book, and insist that, if consent by the township does not apply to the town, they should be permitted to show in this case that said general consent was signed by a majority of the voters of the town of Ossian.

III. No question is made but that Ossian is a town. The language of section 2449, quoted above, is without qualification, and we think applies to all towns, though they be but a part of a voting precinct. Immediately preceding this language it is provided as follows. "But no such statement of general consent shall be construed as a bar to proceedings

against persons selling intoxicating liquors in towns situated in townships of which less than a majority of the voters of the township, including the town, have signed the statement of general consent." If it were not for what follows, it might be said that consent of the township including the town would be sufficient, but, as we have seen, immediately following we have the provision that the statement of general consent shall not be construed as a bar in any town in which a majority of the voters do not sign the statement. It is plain that to be a bar in any town consent by a majority of its voters must be given.

IV.   Said section 2450 provides that all statements of general consent shall be canvassed by the board of supervisors, and its findings entered of record. These boards, and they alone, are authorized to make the canvass and findings, subject only to review on appeal. The statute does not specify the manner in which the canvass shall be made, but does require that they find whether the statement is sufficient. In determining this, many questions may arise that cannot be answered from the statement and the poll books, such as questions as to the identity of persons, the genuineness of signatures, and the like. This case affords an apt illustration. We have seen that it was the duty of the board to determine whether this statement of general consent was signed by a majority of the voters of the town of Ossian. Now, as there was no separate poll books for that town, the board must, of necessity, hear evidence as to who of the voters of Ossian appeared upon the poll book of the township and the statement of consent. We think it follows, from the authority conferred, that the board has power to hear evidence upon which to determine the sufficiency of the statement of consent. Power to make the canvass and findings being conferred upon the board alone, and its findings made effectual for the purposes contemplated until revoked, we conclude that its findings can only be questioned on appeal, and therefore evidence

to show that a majority of the voters of Ossian signed this statement of consent is not admissible in this case. The board of supervisors did not find that this statement of consent was signed by a majority of the voters of the town of Ossian, and, as it is such a finding by the board or on appeal that constitutes the bar to this action, we conclude that the district court properly held that his action is not barred, and, this being the sole defense, the decree of the district court is correct, and it is AFFIRMED.