GEORGE SCHUNEMAN, Appellee, v. F. E. SHERMAN, Defendant, AND THE DAVENPORT MALTING CO., Intervener, Appellant.

Intoxicating Liquor: STATEMENT OF CONSENT: MUST APPLY TO TOWN.
1    One cannot lawfully engage in the sale of intoxicating liquor without a finding by the Board of Supervisors that the statement of consent was sufficient as applied to the town in which the business is conducted.

Same: CANVASS OF STATEMENT BY COURT.    The district court has
2    no power to canvass the statement of consent, except on an appeal from the action of the board of supervisors.

*Appeal from Dickinson District Court.*—HON. A. D. BAILIE, Judge.

MONDAY, OCTOBER 27, 1902.

INJUNCTION proceedings to restrain defendant, Sherman, from maintaining a nuisance by the sale of intoxicating liquors in a building in what is known as the town of Terrill.. Defendant denied that he was maintaining a nuisance, and pleaded compliance with the terms of the mulct law.   The Davenport Malting Company intervened, claiming to have purchased the building wherein the nuisance is alleged to have existed after the commencement of this action, without notice that Sherman was not complying with the provisions of the mulct law, and averred that Sherman was not selling liquor in the building contrary to law.   Plaintiff denied that Sherman had complied with the provisions of the mulct law.   On these issues the case was tried to the court, resulting in a decree for plaintiff, and defendant and intervener appeal.—*Affirmed.*

*Henry Vollmer* and *L. E. Francis* for appellants.

*Dunshee & Dorn, E. R. Acres,* and *St. Clair & Reigard* for appellee.

DEEMER, J.—Defendant and intervener admit the sale of intoxicating liquor in the building in question, and the main question in the case is whether or not they should be protected therein by reason of having complied with the provisions of what is known as the "mulct law." These provisions are pretty well understood, and we do not therefore set them out in *extenso*. Suffice it to say that prohibition is still the rule in this state, and freedom from the penalties imposed by the liquor law for the sale of intoxicants the exception; and he who would bring himself within the exception must prove compliance with all the conditions imposed to secure immunity. Some of these conditions are as follows: In towns having a population of less than 5,000, "a statement of general consent must be filed with the county auditor, signed by sixty-five per cent. of all the legal voters residing within the county," and such statement "shall constitute no bar to proceedings against persons selling intoxicating liquors situated in townships of which less than a majority of the voters of the township and including the town have signed the statement of general consent; nor shall it be construed a bar in any town in which a majority of the voters do not sign such statement. All statements of general consent shall be canvassed by the board of supervisors, and its finding as to results in the various towns shall be entered of record, and such finding shall be effectual for the purposes herein contemplated, until revoked," etc. In *Hill v. Gleisner*, 112 Iowa, 397, we held, in effect, that the board of supervisors is made a special tribunal for the determination of the sufficiency of the statement of consent, not only as to the county at large, but also as to each and every subdivision thereof; that its findings can only be questioned on appeal, and that parol evidence is inadmissible, in the absence of a finding by the board as to the sufficiency of

<div style="margin-left:2em; font-size:smaller">1. STATEMENT of consent must apply to town.</div>

the statement of consent. That conclusion we still adhere to, believing it to be perfectly sound and eminently just. In the instant case a statement of general consent was filed with the board of supervisors in the year 1898, which the board, on the 20th of July of that year, found was signed by more than 65 per cent. of the legal voters of Dickinson county, Iowa, who had voted at the last preceding general election. The town of Terrill, in which defendant is conducting his business, was not incorporated until December 30, 1899, and in consequence there was no finding as to the number of voters living in that town who had signed the statement. The board did, however, make a finding as to Lloyd township, in which said town is now located, to the effect that more than 50 per cent. of the voters therein had signed the statement. At the trial in the district court defendant and intervener offered to show that more than a majority of the legal voters then living in what is now the town of Terrill had signed the statement of consent, and it is now agreed, for the purposes of the case, that this was a fact, although not so found by the board of supervisors.

The exact question presented is, in the language of counsel, "as to whether or not a saloon may be legally conducted in a town incorporated since the board of supervisors of the county passed upon the petition of consent under which the same was claimed to be operated, such board having failed to find any fact with reference to the number of voters within the present limits of said town, or the number of those within the town who signed the petition, and it being conceded that defendant can show by oral evidence, subject to objections, as herein provided, that the requisite number of those living within the present limits of the town at the time of the general election preceding the circulation of said petition actually signed such petition." The *Hill-Gleisner Case*, to which we have referred, unequivocally holds that the board of supervisors

is the only tribunal for the decision of the question here presented, in the absence of an appeal from the findings of that body. There have been no such findings in this case, and defendants are relying on extrinsic evidence for proof of the sufficiency of the statement as to the town of Terrill.

Without committing ourselves to the doctrine that the board may recanvass a statement after the incorporation of a new town, it is evident, we think, that in the absence of a finding by that tribunal as to the sufficiency of the statement of consent in an incorporated 2. SAME: canvass by court. town or city, one who sells liquor therein does so at his peril, and cannot rely on parol evidence that the statement was in fact sufficient as applied to that particular locality. There is no showing that defendant was engaged in business in Lloyd township at the time the town of Terrill was incorporated,—indeed that point is distinctly negatived,—hence we have no occasion to determine whether or not subsequent incorporation of a town in a township wherein one was lawfully selling liquors under the mulct law would destroy his privilege. The facts are that after the incorporation of the town, defendant engaged in the sale of liquors therein, without a finding by the board of supervisors that the statement of consent was sufficient as applied to that town. This he was not authorized to do, and he may not prove that, as a matter of fact, a sufficient number of legal voters residing within the municipality had signed the statement of consent. The district court had no power to canvass the statement of consent, except on appeal from the board of supervisors; and, as we have said, we have no occasion to determine whether or not the board could have done so. Defendant could in any event have protected himself by procuring a new statement of consent, and securing a finding as to the sufficiency thereof by the board of supervisors. Any other rule than the one we have announced would be productive of much mischief, and entail upon courts investigations from which they

should so far as possible be relieved. Should we find with appellants' contention, new towns of every conceivable shape would likely spring up in every locality, created for the sole purpose of allowing sales of liquor within the boundaries thereof. There is but one safe and logical rule, and that is to leave the determination of the question of the sufficiency of the statements of consent for any locality where it logically and properly belongs,—with the board of supervisors. If new towns spring up, it is easy to meet the new conditions, and the mere matter of expense in securing new statements should not stand in the way of a proper interpretation of the law. At the time this action was commenced, no one had ever signed a statement consenting to the sale of liquor in the town of Terrill. When the statement was circulated, there was no such town, and it may be that, after the incorporation thereof, some of those who signed the statement which was filed with the board would not have done so had they understood liquors were to be sold in the new town. The idea of local self-government strongly predominates in this law, and it is no doubt true that one will sign a petition for a saloon for his neighbor who would not think of doing so if the business was to be established in his own dooryard.

These conclusions are in harmony with those found by the district court. Appellee's motion to tax attorney's fees is sustained, and the sum of $50 is allowed for his attorney, to be taxed as part of the costs in the case.—AFFIRMED.