JOHN B. HAMMOND, Appellant, v. MICHAEL WALDRON and H. L. LEYFERT, Appellees.

**Intoxicating liquors:** CANVASS OF STATEMENT OF CONSENT: APPEAL: OPERATION OF SALOON. A board of supervisors acts judicially and not ministerially in canvassing a statement of consent to the sale of intoxicating liquors; and as there is no provision of statute for a stay of proceedings the board's finding that the statement is sufficient remains in force pending an appeal to the district court from such finding by a citizen, and saloons may operate under it until the finding is reversed.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

TUESDAY, DECEMBER 12, 1911.

SUIT in equity to enjoin an alleged liquor nuisance. Trial to the court upon an agreed stipulation as to the facts. Decree dismissing the petition, and plaintiff appeals.— *Affirmed.*

· *H. H. Sawyer,* for appellant.

*Thos. L. Sellers, E. T. Morris,* and *Guernsey, Parker & Miller,* for appellees.

DEEMER, J.—Early in the year 1911, there was filed with the county auditor of Polk county a statement of general consent to the sale of intoxicating liquors, purporting to have been signed by more than eighty percent of the legal voters of the town of Valley Junction, as shown by the pollbooks of the election of the previous year, and on the 13th day of February, 1911, the board of supervisors of said county canvassed the said statement and made a finding that the same was sufficient, which finding was duly entered of record. From this finding and within thirty days from the entry of record, an appeal was duly taken to the district court of Polk county, which appeal was pending at the time this suit was commenced. On the 5th day of June, 1911, the town council of the town of Valley Junction adopted a resolution consenting to the sale of intoxicating liquors in the said town by the defendant, Waldron, who was then and had theretofore been engaged in the sale of liquor in said town. Under previous statements and resolutions, defendant, Waldron, was authorized to sell such liquors until July 1, 1911, when a new law went into effect known as chapter 142 of the Acts of the 33d G. A. Other

provisions of the so-called "mulct law" were complied with by the defendant, and he continued to sell liquor after July 1, 1911, when his previous permission to sell expired, unless it be for the finding of the board of supervisors hitherto referred to under date of February 13, 1911. Defendant, Leyfert, is the owner of the property in which his codefendant was conducting the saloon in question, and as such, is made a party defendant. This appeal presents but a single proposition, which is thus stated for appellant: "If a board of supervisors finds a statement of general consent sufficient, and within thirty days thereafter, a citizen of the county files with the clerk of the district court a sufficient bond for the costs and denial as to the statement of consent, as provided in this section, can saloons operate until the district court adjudicates the case? In other words, does the entering of the general denial and filing of a bond by a citizen of the proper county revoke the findings of the board of supervisors as provided in this section, or may saloons operate under such a petition until the canvass and decision by the district court?"

The provisions of the "mulct law" with reference to the course to be taken before one may sell liquors in this state without being subject to the penalties, etc., of the prohibitory liquor law are well understood and need not be set out in this opinion. The only sections which need be referred to are 2450 and 2451, which, so far as material, read as follows:

All statements of general consent, filed with the county auditor as provided in the two preceding sections, shall be publicly canvassed by the board of supervisors, at a regular meeting, . . . and its finding as to the result in the city having over five thousand inhabitants, or the county, as the case may be, and the various towns and townships therein, shall be entered of record. And such finding shall be effectual for the purpose herein contemplated until revoked as herein provided. If the board shall find the statement sufficient, any citizen of the county may, within thirty

days thereafter, upon filing a sufficient bond for the costs, file with the clerk of the district court a general denial as to the statement of general consent, or any part thereof, whereupon the county attorney shall cause notice thereof to be served upon the person or persons filing said statement of consent with the county auditor, and said party shall, within ten days, file with said clerk a bond conditioned to pay the costs of the hearing in the district court, in a sum to be fixed by the clerk of said court. If such bond be filed, then the auditor shall certify the statement of consent and all papers and records to the district court, where the matter shall be tried de novo, the county attorney appearing for the state, but if no bond be filed, then the order of the board of supervisors finding the statement of general consent sufficient, shall be considered and treated as set aside and null and void. . . . Should the board of supervisors find the statement of general consent insufficient, any party aggrieved may appeal therefrom to the district court by filing, within thirty days thereafter, with the clerk of said court, a sufficient bond for the costs. Upon the filing and approval of said bond, the auditor shall certify the statement of consent and all papers and records to the district court, where the matter shall be tried de novo. . . . When said petition of general consent is found sufficient by the board of supervisors or the city council, as the case may be, it shall, unless revoked under section twenty-four hundred and fifty-one (2451) of the Code, be in force and effect for the period of five years only; and all petitions and statements of general consent in force and effect previous to the first day of July, nineteen hundred and six (1906) shall, unless revoked under section twenty-four hundred and fifty-one (2451) of the Code, be and become null and void on and after five years from July 1, 1906. Code Supp., section 2450.

Whenever any of the conditions of the third preceding section shall be violated, or whenever the council of the city or town or city acting under special charter shall, by a majority vote, direct it, or whenever there shall be filed with the county auditor a verified petition, signed by a majority of the voters of the said city, town, or city acting under special charter, or county, as the case may be, as shown by the last general election, requesting it, then the

bar to proceedings as provided in the second and third preceding sections shall cease to operate, and the persons engaged in the sale of intoxicating liquors shall be liable to all of the penalties provided in this chapter. Code Supp., section 2451.

The board of supervisors found the general statement of consent sufficient and entered its finding of record, and a citizen of the county appealed from the finding and filed a bond as required by law. Did this appeal supersede the finding of the board, and was it unlawful for one to sell liquor after such finding, there being an appeal therefrom to the district court? The statutes, in substance, say that the finding of the board is to be in force and effect for the period of five years unless revoked, and revocation is provided for in section 2451. As there was no attempt at revocation, we need not consider the force to be given section 2451, and we refer to it in order to gather the legislative intent as to the effect to be given the finding of the board of supervisors regarding the sufficiency of the statement of consent. The primary question in the case is: Does the board of supervisors act judicially in canvassing the statement of consent, or is it an act ministerial, being but one of the required steps to be taken in effectuating a bar to proceedings under the mulct law? In other words, is the finding of the board but a ministerial duty amounting to nothing and affording no protection in case of appeal to the district court? The legislative history of the act as it now appears is such as to lead us to the conclusion that the intent of section 2450 was to confer judicial or quasi judicial powers upon the board with reference to this matter. As originally written, the mulct law contained no provision for a canvass by any one of the statements of consent. The whole matter was left to judicial inquiry, and no one could say with any assurance whether or not there was a right to sell until some case was brought into court which challenged the sufficiency

of the statements. See chapter 62, Acts 25th General Assembly.

This was found to be intolerable, and the Legislature which adopted the Code of 1897, upon recommendation of the Code Commission, enacted what is now substantially section 2450, before quoted. As a reason for its recommendation, the Code Commission said: "The only material change here is the provision in the first subdivision that the board of supervisors shall determine the sufficiency of the statement of consent which is required to be signed by a majority of the voters in a city of five thousand or over (or by a larger percent in smaller cities and towns), and when that is found sufficient, it shall continue effectual until revoked as provided for in No. 70 below. There should be some tribunal to determine the question and it is not one easily determined by the courts. When settled, it ought not to be subject to be reopened on every occasion when it may be insisted perhaps that the signers no longer constitute a majority of the voters by reason of increase or changes in the voting population. The term 'general consent' is used to distinguish the statement signed by the voters from that which must be obtained from adjacent property owners before the business can be conducted in any particular locality."

This clearly indicates that the power conferred upon the board was intended to be judicial. In addition to this, a change was also made in what is now known as section 2448, so as to make it read:

In any city, including cities acting under special charters, of five thousand or more inhabitants, no proceedings shall be maintained against any person who has paid the last preceding quarterly assessment of mulct tax, nor against any premises as a nuisance on account of the selling or keeping for sale therein or thereon, by such person, of such liquors, provided the following conditions are complied with; and in any city of over twenty-five hundred and less than five thousand inhabitants, when a written statement

of consent that intoxicating liquors may be sold in such city, signed by eighty percent of the voters residing in such city, voting therein at the last preceding election, as shown by the poll list of said election, shall have been filed with the county auditor, and shall, by the board of supervisors, at a regular meeting, or at a special meeting called for that purpose, have been held sufficient, and its findings entered of record, which statement when thus found sufficient, shall be effectual for the purpose herein contemplated until revoked, said city shall come within the provisions of this section: (1) A written statement of general consent that intoxicating liquors may be sold in such city, signed by a majority of the voters residing in such city, voting therein at the last preceding election, as shown by the poll list of said election, shall have been filed with the county auditor and shall, by the board of supervisors, at a regular meeting, have been held sufficient, and its finding entered of record, which statement when thus found sufficient, shall be effectual for the purpose herein contemplated, until revoked, as hereinafter provided.

The Legislature might undoubtedly have made the finding of the board conclusive and made no provision for review. But instead of doing so it authorized a review by the district court of the finding, no matter what the conclusion of the board. In providing for this review it did not authorize a suspension of the order and finding of the board pending the appeal, or provide for any sort of supersedeas in terms. If the findings of the board are judicial, the right to supersede upon appeal must be implied, for there is no express provision. Now, while we have no decisions upon the exact proposition before us, in *Hill v. Gleisner*, 112 Iowa, 397, we said:

Said section 2450 provides that all statements of general consent shall be canvassed by the board of supervisors, and its findings entered of record. These boards, and they alone, are authorized to make the canvass and findings, subject only to review on appeal. The statute does not specify the manner in which the canvass shall be made, but does require that they find whether the statement is sufficient.

In determining this, many questions may arise that can not be answered from the statement of the pollbooks, such as questions as to the identity of persons, the genuineness of signatures, and the like. This case affords an apt illustration. We have seen that it was the duty of the board to determine whether this statement of general consent was signed by a majority of the voters of the town of Ossian. Now, as there were no separate pollbooks for that town, the board must, of necessity, hear evidence as to who of the voters of Ossian appeared upon the pollbook of the township and the statement of consent. We think it follows, from the authority conferred, that the board has power to hear evidence upon which to determine the sufficiency of the statement of consent. Power to make the canvass and findings being conferred upon the board alone, and its findings made effectual for the purposes contemplated until revoked, we conclude that its findings can only be questioned on appeal and therefore, evidence to show that a majority of the voters of Ossian signed this statement of consent is not admissible in this case. The board of supervisors did not find that this statement of consent was signed by a majority of the voters of the town of Ossian, and, as it is such a finding by the board or on appeal that constitutes the bar to this action, we conclude that the district court properly held that this action is not barred, and, this being the sole defense, the decree of the district court is correct.

Again, in *Schuneman v. Sherman*, 118 Iowa, 230, we said:

In *Hill v. Gleisner*, 112 Iowa, 397, we held, in effect, that the board of supervisors is made a special tribunal for the determination of the sufficiency of the statement of consent, not only as to the county at large, but also as to each and every subdivision thereof, that its findings can only be questioned on appeal, and that parol evidence is inadmissible, in the absence of a finding by the board as to the sufficiency of the statement of consent. That conclusion we still adhere to, believing it to be perfectly sound and eminently just. . . . At the trial in the district court, defendant and intervener offered to show that more than a majority of the legal voters then living in what is now the town of Terrill had signed the statement of consent,

and it is now agreed, for the purposes of the case, that this was a fact, although not so found by the board of supervisors. . . . The *Hill v. Gleisner* case, to which we have referred, unequivocally holds that the board of supervisors is the only tribunal for the decision of the question here presented, in the absence of an appeal from the findings of that body. There may have been no such findings in this case, and defendants are relying on extrinsic evidence for proof of the sufficiency of the statement as to the town of Terrill. . . . The district court had no power to canvass the statement of consent, except on appeal from the board of supervisors; and, as we have said, we have no occasion to determine whether or not the board could have done so. Defendant could in any event have protected himself by procuring a new statement of consent, and securing a finding as to the sufficiency thereof by the board of supervisors. Any other rule than the one we have announced would be productive of much mischief, and entail upon courts investigations from which they should so far as possible be relieved. . . . There is but one safe and logical rule, and that is to leave the determination of the question of the sufficiency of the statements of consent for any locality where it logically and properly belongs—with the board of supervisors.

From these quotations it is apparent that we have heretofore regarded the action of the board in passing upon these statements of consent as judicial in character, and the removal of the matter to the district court as an appeal. There are also some analogous cases which should be noted.

In *Baker v. Board of Supervisors,* 40 Iowa, 226, it was held that the action of a board of supervisors in the matter of the relocation of county seats in determining whether or not the petition was signed by a majority of the legal voters of the county is judicial in character and conclusive until set aside by appeal or other direct method of review. In that case we said: "No other tribunal is constituted for the determination of, the question whether the petition is signed by the requisite number of persons, and as that question precedes, and is essential to, the mak-

ing of the order, it must be determined by the board. Their decision of that question is judicial, and their judgment becomes, like every other judicial determination, conclusive until reversed or set aside upon appeal, writ of error, certiorari, or other method provided for a direct review." This was followed in *Bennett v. Hetherington,* 41 Iowa, 142, and we quote the following from the opinion in that case:

The action of the board of supervisors in determining whether the petition was 'signed by at least one-half of all the legal voters in the county,' and also whether 'the notice hereinbefore prescribed has been given,' was necessarily judicial. For such, and many other purposes, the board of supervisors constitute a judicial tribunal having limited jurisdiction. The statute, in express language, gives to the board, jurisdiction to determine those questions. Having jurisdiction to determine them, their decision is as conclusive as that of any other judicial tribunal, until it is reversed or set aside in some manner provided by statute. The board decided that the requisite number of voters had signed the petition, that the notice itself was sufficient, and that it had been given or published in the manner and length of time prescribed by the statute. As we have seen, the board of supervisors had jurisdiction, by express statute, to determine these questions, and, if they did not decide them correctly, it was an error or irregularity only, which might have been corrected either by appeal, writ of error, or certiorari, whichever the statute may authorize, but which could not render their decision void. Their decision is binding and conclusive upon any other tribunal, when assailed collaterally, until it is reversed or set aside. If the notice was not given the number of days required by law, their decision was erroneous simply, and must be corrected as other errors are corrected. *Ballinger v. Tarbell et al.,* 16 Iowa, 491; *Shea v. Quintin,* 30 Iowa, 58. See, also, *Cooper v. Sunderland,* 3 Iowa, 114; *Morrow v. Weed,* 4 Iowa, 77; *Baker v. Chapline,* 12 Iowa, 204; *Bonsall v. Isett,* 14 Iowa, 309. See, also, *Ryan v. Varga,* 37 Iowa, 78.

The plaintiff in this case is making a collateral attack

upon the finding of the board of supervisors, and, if our previous cases announce the proper rule, he should not be permitted to do so. Defendant Waldron complied with the statute in filing the various papers required of him, and the board of supervisors had found and entered of record·a statement that the general statement of consent was sufficient. True, an appeal is pending; but the appeal did not of itself suspend or supersede the finding or order. It remained in full force until reversed or set aside by direct proceedings. The statute does not provide for a stay, and, as the order was self-executing, it could not be stayed in the absence of express statutory authority. *Allen v. Church,* 101 Iowa, 116; *Jayne v. Drorbaugh,* 63 Iowa, 715; *Lindsay v. Court,* 75 Iowa, 509; *Manning v. Poling,* 114 Iowa, 20.

Again, section 2450 expressly provides that if a citizen appeals from a finding that the statement of consent is sufficient, and the persons filing the statement shall thereafter fail to give bond for costs within a time fixed, the finding of the board shall be treated as set aside, null, and void. The necessary inference from this is that, if the bond is given, the finding is to be treated as in force and presumptively correct. Appellant's counsel have cited no cases which run counter to these views, and we are clearly of opinion that the taking of the appeal did not supersede the order of the board. What effect should be given a reversal of the board's finding by the district court or this court we have no occasion to determine.

From what has been said it follows that the decree· must be, and it is, *affirmed.*