STATE OF IOWA, Appellant, v. J. H. HARRISON, ET AL., Appellees, and eight other cases.

Intoxicating liquors: CONSENT: FINDING OF SUFFICIENCY: EFFECT. The finding of the board of supervisors or the district court on appeal, that statements of consent to the sale of intoxicating liquors are sufficient, is effectual for the purpose of avoiding the penalties of the prohibitory law, until revoked as provided by law.

Same: NUISANCE: INJUNCTION: DENIAL OF WRIT. Where the defendants, in an action to enjoin a liquor nuisance, had in good faith quit the business prior to the trial, and declared they did not intend to re-engage therein until they could do so lawfully, the court in its discretion was justified in denying the injunction.

Same. The fact that defendants continued in the liquor business after the filing of an opinion by the supreme court, not in itself a decree

and not becoming operative until embodied in a formal decree, in which the court indicated a belief that the statements of consent under which defendants operated were not sufficient, did not require the issuance of an injunction against them; especially where the opinion was suspended by an order of one of the judges pending a petition for rehearing.

*Appeal from Mahaska District Court.*—HON. B. W. PRESTON, Judge.

TUESDAY, MARCH 11, 1913.

SUITS in equity to enjoin alleged liquor nuisances. Nine cases were brought against as many or more defendants, and, upon appeal, they have been consolidated and submitted as one. In the district court, the petitions were dismissed, and the State appeals.—*Affirmed.*

*George Cosson,* Attorney General, and *J. G. Patterson,* County Attorney, for the State.

*Burrell & Devitt and J. F. & W. R. Lacey,* for appellees.

DEEMER, J.—Certain statements of general consent to the sale of intoxicating liquors in the city of Oskaloosa, under the so-called "Mulct Law," were canvassed by the board of supervisors of Mahaska county on December 26, 1910, and by that board held insufficient. Proper parties prosecuted an appeal to the district court of Mahaska county; and, upon a hearing there, the court found the statements sufficient. The decree so finding was entered on the 7th day of April, 1911. Appeal was taken to this court, and on February 13, 1912, an opinion was filed reversing the finding of the district court and holding, in effect, that the statements of consent were insufficient. See *In re Consent to Sell Intoxicating Liquors in City of Oskaloosa,* 155 Iowa, 149. On February 17, 1912, the defendant parties filed a petition for rehearing of the case, and, upon

presentation of this petition to one of the judges of this court, an order suspending the decision until the final disposition of the petition for rehearing was made. This petition came on in due course, and on April 10, 1912, a supplemental opinion was filed overruling the petition for rehearing. Procedendo issued to the district court on the 10th day of April, 1912, and on the 11th of the same month the district court entered an order holding the petitions or statements of consent insufficient.

Each of the defendants herein, having complied with all the provisions of the Mulct Law, save, perhaps, as to the filing of sufficient statements of general consent, opened saloons in the city of Oskaloosa on the 1st day of July, 1911, and coninued to operate them until the 31st day of March, 1912, when they closed their establishments and ceased doing business. They quit because of the adverse decision of this court, and by reason of the fact that the term for which they had paid their tax expired on the last-named date, and they did not care to take the chance of paying for another quarter. The state contends that, as it was finally held the statements of consent were insufficient, such finding related back to the time of the filing thereof, and the acts of the defendants were at all times unlawful because the statements of consent were, in fact, insufficient, as finally determined by this court. On the other hand, it is argued that defendants had the right to rely upon the decree of the district court finding the statements sufficient, and that this decree was valid until reversed, and afforded adequate protection until set aside upon appeal. They further contend that they voluntarily closed their saloons and ceased doing business before the trials in the district court and do not intend to re-engage in the business until it becomes lawful or permissive for them to do so.

The actions were, in fact, commenced on the 15th day of February, 1912, which was two days after the original

opinion was filed in this court. But, as before noted that opinion was suspended upon the presentation of a petition for rehearing on the 17th day of February, and final decrees holding the statements or petitions of consent insufficient were not entered either here or in the district court until the 11th of April, 1912.

It is true, of course, that prohibition is still the rule in this state, and the right to sell without being subject to the penalties of the law, the exception; but it

1. INTOXICATING LIQUORS: consent: finding of sufficiency: effect.

is also true that, under the statutes as they now stand, one is justified in relying upon a finding of the board of supervisors that the statements of consent are sufficient, after the same has been entered of record, and such finding is·effectual for the purpose of avoiding the penalties of the prohibitory law, until revoked as provided by law. Appeal is allowed to the district court by either party, and the case is there tried *de novo,* and, by parity of reasoning, a finding by that tribunal of the sufficiency of the petitions or statements of consent is just as effectual as a like finding by the board of supervisors. See Code Supplement, sections 2448 and 2450. In other words, it is the finding of the board or of the court upon appeal, as to the sufficiency of the statements, rather than the statements themselves, which is effective to remove the bar. *Hill v. Gleisner,* 112 Iowa, 397.

In *Hammond v. Waldron,* 153 Iowa, 434, we held that a finding by the district court of the sufficiency of the petitions or statements of consent was self-executing and was not stayed by appeal; and the ordinary rule is that a judgment or decree is binding and effective, although an appeal be taken retaining its force and vitality until reversed by a superior court. *Watson v. Richardson,* 110 Iowa, 698; *Phillips v. Germon,* 43 Iowa, 101; *Loomis v. McKenzie,* 57 Iowa, 77; *Lindsay v. Clayton Dist. Ct.,* 75 Iowa, 509.

The filing of an opinion by this court does not constitute

a decree, and it appears that no decree finding the state-

2. SAME: nui-     ments of consent insufficient was entered
sance: injunc-    until April 11, 1912.  Even were the opinion
tion: denial of
writ.             in effect a decree or finding of the insufficiency
of the statements of consent, that opinion was suspended by
order of one of the judges of this court, and this suspension
continued until the final order overruling the petition for
rehearing, which was filed on April 10, 1912.  Defendants,
each and all, ceased doing business on March 31, 1912, and
their cases did not come on for trial in the district court,
until April 11, 1912.  They were not decided until August
12, 1912.  At the time of the trial, defendants had been
out of business for more than ten days, and there
is no claim that any of them intended to resume the
business.  Under such a state of facts, the trial court was
justified in denying the prayer for an injunction against the
defendants.  Such orders are usually entered to restrain
the continuance, or threatened continuance, of a nuisance.
by the unlawful sale of liquor, and not to punish for past
delinquencies; the criminal arm of the court being regarded
as sufficient for the latter purpose.  Of course a wide and
wise discretion is lodged in the district court in such matters,
and we do not, as a rule, interfere with the exercise thereof.
But where, as here, there is at most but a technical viola-
tion of the law, even if it be said that it has in any manner
been transgressed, and it appears that the defendants have,
in good faith, quit the business and do not intend to re-engage
therein, we are not justified in interfering with the discre-
tion of the trial court in denying the injunctions.

Appellant's chief reliance is upon the fact that defend-
ants continued to sell liquor after the filing of an opinion

3. SAME.          by this court, indicating that we thought the
statements of consent insufficient, and that the district court
was in error in holding them sufficient.  To this there are two
answers: First, the opinion was suspended by one of the
judges of this court upon the filing of a petition for a re-

hearing; and, second an opinion of this court is not, in itself, a decree, and it does not ordinarily become operative until it is embodied in a formal decree, either here or in the court below. There are doubtless exceptions to this rule, as, perhaps, where an injunction is ordered or a·writ of prohibition or other peremptory order is indicated. In such cases, doubtless, one having notice of an opinion holding that such order or writ has been granted or sustained is bound thereby, although the order may not be formally entered. But here no such order was made. The only question involved was the sufficiency of the petitions or statements of consent, and our written opinion, with reference thereto, did not constitute such a finding or decree as the statute contemplates. *Kelley v. C., B. & Q. R. R.,* 154 Iowa, 87; *Miller v. Kramer,* 154 Iowa, 523, and cases cited.

The decrees seem to be correct, and they are each and all *Affirmed.*

PRESTON, J., took no part.