[No. 1162.]

## F. W. COLE, APPELLANT, *v.* RICHMOND MINING COMPANY OF NEVADA, RESPONDENT.

CONTRACT OF ATTORNEY—FEES CONTINGENT ON SUCCESS.—*Held,* upon a review of the testimony, that respondent was liable for the fees of appellant, which were contingent upon the success of certain litigation; that the question whether a party is successful or not depends upon the particular facts of the case, and that, under certain circumstances, a litigant may be successful, if he gains substantially everything of value involved in the controversy, without winning everything that is asked for.

IDEM—CONTINUANCE.—There were three cases involving the same question. One was tried, the others were continued. The contract was that the attorney should have his additional fee if one case was tried and the others continued to await the result, of the one tried, in the appellate court: *Held,* upon a review of the testimony, that the fact that one case was tried and the others continued by consent, and that no reason was given for such continuance, except as stated by the attorney, entitled him to his fees under the contract.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

*F. W. Cole, in propria persona,* for Appellant.:

I. The admission of testimony to prove which party was successful in the Rose suit was proper. Parol evidence is admissible to show what was the precise question at issue in a former suit. (Freeman on Judg., Secs. 273, 274, 275; *Wood* v. *Jackson,* 22 Am. Dec. 621, and cases cited in note; *Gardner* v. *Buckbee,* 3 Cow. 120.)

II. Testimony reviewed and discussed.

*Thomas Wren* for Respondent:

I. A party to an action does not lose a suit because he does not recover all he sues for. To prevail, according to Webster, is to succeed. Under our practice act the prevailing party is entitled to costs. (1 Comp. Laws, 1535, 1536.)

II. Testimony discussed and reviewed.

By the Court, HAWLEY, C. J.:

Appellant recovered judgment against respondent for one thousand five hundred dollars, upon a contract for legal services rendered in the suit of *Rose* v. *Richmond M. Co.* The district court granted a new trial. The appeal is taken from that order.

The testimony in relation to the contract, as given by appellant, is as follows : " Sometime in the latter part of May, 1881, Mr. Probert, the managing agent of the defendant, said to me that he wished to employ me in the *Albion-Richmond Cases*, to assist in their trial in the district court. * * * He said he was willing to pay a small fee, but would not fix the amount. He told me to consider myself engaged, and Mr. Foley would see me on behalf of the Richmond company and fix my fee. I afterwards saw Mr. Foley. Foley asked me what I would charge to assist in the trial of those cases. I said twenty-five hundred dollars. He said he could not give it. ' Suppose you agree to take one thousand dollars now, and fifteen hundred dollars in case the Richmond company is successful in the district court.' I said there are three cases that were tried together on the hearing for injunction, and that the same questions were involved in all. That the chances were that only one case would be tried, and that the other cases would be postponed to await the result of the one trial. That if that was the fact the trial of one would be equivalent to the trial of all. It was then agreed between Foley and myself that if only one case was tried, and the others postponed to await the result of the one tried in the supreme court, I was to have the fifteen hundred dollars."

In repeating the conversation, appellant testified that Foley said : "Suppose you agree to take a thousand dollars now, and fifteen hundred dollars in case the Richmond Company is successful in the district court ? I thought over the matter a little while and agreed to it. Foley said, 'Consider that the contract.' I then said, 'Mr. Foley, there are three cases to be tried in the district court. They were all settled in one decision by Judge Rising. Now understand, I don't think there will be but one case tried in this court, and if the other cases are removed, or are continued to wait the issue of the one tried, I will be entitled to my fee.' He said, 'Certainly.' I said the trial of one of them will be equal to the trial of them all, and that if the Richmond Company was successful in the case that was tried, I should consider that I was entitled to the fifteen hundred dollars. He agreed to that. I said, 'Remember this agreement only relates to the district court; if the cases are removed to the circuit court, or are appealed to the supreme court, some other arrangement is to be made.' He said, 'Of course, if the other cases are taken out of the district court, or the one tried is appealed, you earn your money. * * *' A few days afterwards he came into my office and gave me a check for a thousand dollars in accordance with the arrangement."

M. D. Foley, on behalf of respondent, testified as follows: "I was directed by Mr. Probert to settle the fee to be given Mr. Cole in the Richmond-Albion case. Cole demanded twenty-five hundred dollars. I said I could not give it. * * * I told Cole I would pay him one thousand dollars, and fifteen hundred dollars additional in case the Richmond Company was successful. I paid him one thousand dollars. Cole said if the Richmond Company was successful in the district court he did not believe that the Albion Company would try the other cases before Rives, but would remove them to the circuit court of the United States, and if the Richmond Company won the Rose case, he, Cole, would be entitled to his contingent fee. I said, 'Yes.'"

*Rose* v. *Richmond Co.* was tried at the June term, 1881,

and was the only one of the Albion-Richmond cases tried at that term. The other cases were continued for the term. The district court, in *Rose* v. *Richmond Co.*, rendered a judgment in favor of the defendant for all that portion of the mining ground in controversy "lying between the end lines of the Victoria patented claim of defendant, extended from the quartzite foot wall to the shale hanging wall, and lying southwesterly of the line ' K. L.,' " and in favor of plaintiffs for that portion of the ground "lying between the shale hanging wall and the quartzite foot wall, to the northwest of said line ' K. L.,' " and for the costs. The Albion Company appealed from this judgment. The Richmond Company did not appeal. The case on appeal was argued in the supreme court at the October term, 1881, and a decision was rendered in March, 1882.

At the September term, 1881, of the district court, the other cases were continued for the term, " by consent," and at the February term, 1882, were passed until the second setting of the calendar, "by consent." This action was commenced in November, 1881, and was tried in February, 1882.

Did the court err in granting a new trial? Respondent seeks to justify this action of the court upon two grounds : *First*, it claims that it was not successful in *Rose* v. *Richmond Co.*, in the district court ; *second*, it claims that the other cases were not postponed "to await the result of the one tried in the supreme court." Neither of these positions can, in our opinion, be legally maintained. It is true that the Richmond Company did not recover all it claimed in its answer, but it recovered all that was of any value. The result of the trial was, as testified to by appellant, "substantially a success in favor of the Richmond Company." The judgment "gave to the Richmond Company all the mining ground that was of any value which was in controversy in these three cases." The president of respondent testified that " the Richmond Company was only partially successful in the *Rose* case," evidently meaning that it was only partially successful because it did not gain all

that it claimed. A party, however, may be successful in a suit without winning everything that is asked for. The question whether a party is successful or not, depends upon the particular facts of each case; upon the issues raised; upon the contest made. The decision of the district judge in the Rose-Richmond case was not favorable to the Albion Company. The trial resulted in a success, "a favorable termination" for the Richmond Company. The condition of the case was such that it was not necessary for the Richmond Company to gain everything it prayed for in order to be successful in the litigation. It claimed the greater portion of the mining ground in controversy by virtue of the St. George and Victoria patents. The real controversy, upon the merits of the case, was as to the validity of these patents. If they, or either of them, were declared valid it would result in a victory for the Richmond Company. If both were declared invalid it would be a victory for the Albion Company, although it would not, on that account, recover all the ground that it claimed, or all that was of any value. (*Rose* v. *Richmond M. Co.* 17 Nev. 25.) The district court decided that the St. George patent was void. This part of its decision was against the Richmond Company, but it held that the Victoria patent was valid, and this patent embraced all the mining ground in controversy under these patents that was of any value. The Richmond Company was successful in the Rose case, in the district court, within the meaning of the word "successful," as used and understood by the parties to the contract at the time it was made.

The other point is equally without merit. The other cases were not tried; they were continued. These facts are not denied. Why were they continued?

Appellant testified that at the June term, 1881, "when the two other cases were reached and called on the calendar, Mr. Wren, who is the president and attorney for the defendant, said to me in court, 'Had not we better continue the two cases until the *Rose Case* is decided in the supreme court?' I said yes, and thereupon these cases were con-

tinued for that term and have been continued every term since." The president of the Richmond Company testified that these cases "have never been continued to await the result of the case of *Rose* v. *Richmond Mining Co.*" But this statement was based upon the fact that no order to that effect was made by the district court, and that no consent was affirmatively shown to have been given for such a continuance by the attorneys for the Albion Company. This is apparent from his testimony and from his argument. He testified: "There has never been an agreement between the counsel of the Richmond Company and the Albion Consolidated * * * to continue them to await the result of the *Rose Case*. At the setting of cases for trial at this term of court the cases were passed until the second setting of the calendar."

Upon this testimony he argues that "the fact that no order of court was made continuing the two cases to *await the decision* of the supreme court, shows that if such a suggestion was ever made by counsel it was never acted upon, for some reason. To continue the two cases to await the decision of the supreme court required the consent of counsel for Rose *et al.*, as well as counsel for respondent, and it does not appear that consent was ever obtained." This is simply begging the real question at issue. Were the cases continued? Yes. What was the reason which induced counsel on both sides to "consent" to the postponement of these cases? None is given by respondent. In the absence of any reason given by respondent, do not the facts of this case furnish an answer to the question? Was not the postponement of the two cases the natural course that would be pursued in the light of the history of the Albion-Richmond litigation? But one case would be tried. This would determine the questions that would necessarily control the judgments and decisions in the other cases. No benefit would accrue to either party by the trial of these cases until the one tried was finally determined. The contract was that if but one case was tried appellant would be entitled to his additional fee. This was the plain understanding and

agreement of the parties. At the time the agreement was made both parties anticipated that but one case would be tried, and that of course the others would be continued until the one tried was determined in the appellate court. One case was tried. The others were continued. It was not necessary, and it is not the usual practice, in cases of consent, for the record to show why a case is continued or passed. The reasons often go without stating. The merits of the question at issue are disposed of by the fact that the cases were continued, and no reason has been given for the continuance except the one mentioned in the testimony of appellant.

Upon the undisputed testimony in this case appellant was to have one thousand five hundred dollars as an additional fee if the Richmond Company was successful in the district court, in the *Rose-Richmond Case*, (that being the case tried,) and the other cases were continued to await the result of that case in the appellate court. The Richmond Company was successful. The other cases were continued. The verdict of the jury was in accordance with the evidence and the law. The court erred in setting it aside.

The order of the district court granting a new trial is reversed.