S. Z. BATTEN, Appellant, v. A. T. BENGE DRUG CO., ET AL.

Intoxicating liquors: INJUNCTION: COSTS: ATTORNEY FEES. Where the defendant in a suit to abate a liquor nuisance voluntarily and in apparent good faith abated the alleged nuisance, and thereupon before answering moved to dismiss the action, which motion was sustained, an attorney fee was not taxable against him as part of the costs, under the provisions of section 2406 of the Code Supplement of 1907.

*Appeal from Polk District Court.*—HON. LAWRENCE DE GRAFF, Judge.

SATURDAY, NOVEMBER 22, 1913.

APPEAL from an order overruling a motion to tax an attorney's fee.—*Affirmed.*

*H. H. Sawyer,* for appellant.

*Bowen & Alberson,* for appellees.

LADD, J.—The petition as amended was in the ordinary form alleging illegal sales to different persons and designating seven to whom defendant was alleged to have sold intoxicating liquors without written request or statement of the purposes for which required. The defendant, without answering, though having previously filed motions, moved that the cause be dismissed for that his permit, as a pharmacist, to sell intoxicating liquors, had been surrendered, that it was not his intention to handle liquors longer, that, "if the law

has been breached by reason of any sale of liquor under said permit, it was because of inadvertence or oversight," and he offered "to pay the costs of this action incurred and taxed by the clerk to the time of the filing hereof." To this motion was attached the affidavit of defendant to the assertions in his motion and that he had disposed of intoxicating liquors on hand. The county attorney interposed no objection to the dismissal. Thereupon the court dismissed the petition and taxed the costs against the defendant, but did not include a fee for the plaintiff's attorney. Thereupon plaintiff moved that such fee be taxed, but the motion was overruled. The appeal is from this ruling.

Whether an attorney's fee should have been taxed necessarily depends on the construction of section 2406, Code Supp., which reads: "Actions to enjoin nuisances may be brought in the name of the state by the county attorney, who shall prosecute the same to judgment, or any citizen of the proper county may institute and maintain such a proceeding in his name. The action when brought shall be triable at the first term of court after due and timely service of notice of the commencement thereof has been given; and in such action evidence of the general reputation of the place described in the petition shall be admissible for the purpose of proving the existence of such nuisance. If the plaintiff is successful in the action, an attorney's fee of twenty-five dollars shall be taxed as costs in his favor." Of course, an attorney's fee may not be taxed unless authorized by statute, and that quoted makes this dependent upon the injunction suit being successful. Now "success," according to Webster's Dictionary, means the favorable termination of something attempted; the attainment of the proposed object. And "successful" is defined as resulting or terminating in success; gaining or having gained success; having the desired effect. It is the obtaining or terminating in the accomplishment of what is desired, intended or aimed at. In the suit under this section of the Code, what is sought is a decree enjoining the mainte-

nance of the nuisance. See *Washburn v. Ry.,* 59 Wis. 364 (18 N. W. 328); *Cole v. Mining Co.,* 18 Nev. 120 (1 Pac. 663).

It is suggested that by successful is meant the abatement of the nuisance, howsoever this may be accomplished. A sufficient answer is that the context concerns an action in court and the language concerning the taxation of attorney's fee has reference to that action and is contingent upon it being successful. What is sought thereby is an injunction restraining the nuisance alleged. Where the nuisance is continued up to the time of the trial and is then abated by the owner, whether writ of injunction shall issue depends upon the good faith of the defendant and is largely a matter of discretion, and in several cases it has been held that, as a condition to denying the writ, payment of all costs including an attorney's fee may be exacted. *Patterson v. Nicol,* 115 Iowa, 283; *Offil v. Westbrook & Co.,* 151 Iowa, 446; *Fisher v. Skoglund,* 153 Iowa, 440. Here there was no trial. The nearest defendant came to admitting the violation of law was by saying in his affidavit that, "if there has been any breach of the law under said permit, it has been technical only by reason of inadvertence or oversight." If there was a nuisance and it has been abated, it does not appear when this happened, though he surrendered his permit after suit had been commenced. Manifestly, then, the case does not come within the rule of those cited, for, on the record, the court would not have been warranted in holding that a nuisance had existed at any time. The defendant consented to pay costs accrued, and, as attorney's fees may be taxed only upon the prosecution of the cause being successful, the rights thereto never accrued. The order is *Affirmed.*

WEAVER, C. J., EVANS and PRESTON, J.J., concur.