# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Carlotta Evans,**
**Plaintiff Below, Petitioner**

**FILED**

June 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0871** (Nicholas County 10-P-39)

**One Gateway Associates,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carlotta Evans, by counsel William A. McCourt Jr., appeals the Circuit Court of Nicholas County's denial of her request for attorney's fees and expenses and her motion for reconsideration of that denial. Respondent One Gateway Associates, by counsel William D. Stover, responds in support of the circuit court's orders. Petitioner also submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent owns and operates a commercial shopping center in Summersville, West Virginia. Petitioner was a commercial tenant of respondent who rented a location from which she operated a RadioShack store. The initial three-year lease term expired in June of 2007 and automatically renewed for an additional three-year period. From 2007 to 2010, petitioner rented a second property in the shopping center from which she and her son operated a Citgo and a U-Haul business. The RadioShack lease had no provision for a second automatic extension, and the lease expired on June 30, 2010. Pursuant to the terms of the lease, any holding over beyond that point constituted "a tenancy from month-to-month only." Because the parties were unable to reach an agreement as to an extension, respondent issued a notice to vacate the property on July 1, 2010, allowing petitioner one month to vacate. The parties continued to negotiate a lease extension, though negotiations became complicated by the fact that the lease for the Citgo was to terminate as of July 31, 2010.

On July 28, 2010, Joy DeMoss, one of respondent's employees, sent a letter to petitioner with a proposed lease modification and extension agreement for the RadioShack location. In that letter, she raised the issue of the U-Haul business, stating that the trucks could not be parked in the normal parking spaces at the shopping center. The extension agreement proposed extending the RadioShack lease for a period of two years from July 1, 2010, to June 30, 2012, under the same terms and conditions as the original lease, with the exception of an increased monthly rent

1

of $1,666.67 for the first year and $1,733.33 for the second year. The cover letter stated that if petitioner agreed with the extension agreement, she was to sign both copies before a witness and return them by July 30, 2010. Petitioner signed the extension agreement, but her signature was not witnessed or dated.

On July 31, 2010, the lease for Citgo terminated. On that same date, petitioner sent a check to respondent for $66.67, for the remainder of the July rent payment under the extension agreement for the RadioShack lease. On August 1, 2010, petitioner remitted a check for $1,873.25 for the August rent payment under the extension agreement. Petitioner asserts that respondent was in receipt of the two checks and the signed extension agreement by August 2, 2010. However, on August 1, 2010, petitioner wrote a letter to Ms. DeMoss, stating that Ms. DeMoss's July 28, 2010, letter sounded as if Ms. DeMoss had not agreed that petitioner would have the space to park the U-Haul trucks and that the renewal of the RadioShack lease included the U-Haul business.[1] The August 1, 2010, letter was not delivered until August 11, 2010. In the interim, on August 9, 2010, another employee of respondent, Stephen McCue, sent petitioner a letter addressing numerous issues related to the termination of the Citgo lease, stating that respondent had not signed off on the extension agreement and would not do so until issues with Citgo were resolved. On August 10, 2010, petitioner sent a letter to Mr. McCue, stating that she did not agree to the new conditions on the lease renewal for RadioShack due to the unacceptable added condition regarding the Citgo lease. It further stated as follows:

> By notifying me on August 9, 2010, that you have not signed off on the July 1, 2010 Lease renewal, and that you will not sign off on the Lease Renewal until certain conditions related to a different lease are met, you have changed the terms of the Lease Renewal. There is also the issue of the U-Haul business, which was addressed in a separate letter to [Ms. DeMoss].

Petitioner continued by stating that she preferred to proceed with the lease renewal for RadioShack but insisted that it be separate from the Citgo lease.

On August 19, 2010, respondent sent petitioner a termination letter by certified mail, informing petitioner that it was not extending the lease on the RadioShack; the termination letter gave petitioner thirty days from its receipt to vacate the property. Upon receipt of the letter, petitioner filed the underlying action in the Circuit Court of Nicholas County. Petitioner was granted a preliminary injunction to stay on the RadioShack property, and she was required to pay rent at the rate specified in the extension agreement under the same terms as the original lease. On October 7, 2010, petitioner filed an amended complaint asserting causes of action related to the RadioShack lease and the Citgo lease.[2] Respondent filed an answer and counterclaim related

---

[1] Petitioner claims that the U-Haul business operated out of the RadioShack location on Sundays while Citgo was closed, but respondent disputes this contention.

[2] On January 4, 2011, respondent filed a petition for writ of prohibition before this Court (Case No. 11-0018), but the writ was refused by order entered on February 10, 2011. Respondent also filed a motion for disqualification of Judge Johnson on March 31, 2011, but that motion was denied by this Court on April 19, 2011.

to the Citgo lease on April 14, 2011. Petitioner occupied the RadioShack property under the injunction from September 10, 2010, to August 31, 2011.

Petitioner filed a motion for partial summary judgment on her claim that the extension agreement constituted a valid, binding contract between the parties. Respondent filed a motion for summary judgment on various issues, including the validity of the extension agreement. The circuit court conducted a hearing on the motions for summary judgment on March 6, 2012, and on March 14, 2012, entered an order denying petitioner's motion but granting in part respondent's motion for summary judgment. Petitioner appealed that order to this Court in April of 2012, and by memorandum decision, this Court affirmed the circuit court's order on May 3, 2013. *Evans v. One Gateway Associates*, No. 12-0479, 2013 WL 1859164 (W.Va. Supreme Court, May 3, 2013) (memorandum decision) (*Evans I*).

A jury trial was held on March 14 and 15, 2012, on the issues not previously decided by the circuit court. During trial, petitioner was represented by counsel, Mr. McCourt.[3] According to the "Judgment Order From Jury Trial" entered on March 22, 2012, at the conclusion of evidence, the circuit court granted five oral motions for directed verdict. Those rulings were as follows: 1) the circuit court granted respondent's motion for a directed verdict on petitioner's claim for lost business or lost income damages; 2) the court granted respondent's motion for a directed verdict on the damages claimed by petitioner for missing tools; 3) the court granted petitioner's motion for a directed verdict on respondent's claim for recovery of the actual amounts paid for insurance and real estate taxes on the Citgo lease; 4) the court granted petitioner's motion for a directed verdict with respect to respondent's claim for cleaning costs and repairs to the Citgo premises; and 5) the court granted petitioner's motion for directed verdict with respect to respondent's claim for cleaning costs and repairs to the RadioShack premises. The order states that the jury awarded petitioner $4,401 with respect to the RadioShack lease and $12,916 with respect to the Citgo lease, for a total award of $17,317. The circuit court also stated that as set forth in its summary judgment order entered on March 14, 2012, petitioner is also entitled to a refund of the additional rent paid during petitioner's occupancy of the RadioShack premises, with excess rent of $66.67 per month for fourteen months, totaling $933.38. When combined with the verdict, the total amount awarded to petitioner was $18,250.38. However, respondent was also granted summary judgment against petitioner on March 14, 2012, and awarded damages in the amount of $11,053.03, related to the Citgo lease.[4] Therefore, the resulting total judgment for petitioner was $3,616.35.

On July 9, 2013, the circuit court entered an order denying petitioner's both motion to

---

[3] Prior to trial, petitioner, a licensed attorney, represented herself.

[4] The circuit court set forth in the order that the amount was reached by adding the $6,000 owed from the last month's rent, insurance charges of $.05 per square foot per annum during the three year lease, real estate taxes of $.50 per square foot for 2009, and real estate taxes for the partial year 2010 in the designated amount of $1,564.48, for a total of $11,053.03. The parties stipulated that respondent previously paid amounts totaling $3,581, which were to be set-off against petitioner's judgment.

3

enforce judgment and renewed motion for attorney's fees and expenses. In its order, the circuit court stated that petitioner sought to recover attorney's fees pursuant to a provision included in both the Citgo lease and the RadioShack lease that provides that "[i]n the event that either party hereto shall bring legal action against the other party, then the prevailing party shall be entitled to reimbursement from the other party for all expenses thus incurred, including reasonable attorney's fees." Petitioner argued that she was the prevailing party because the jury found in her favor under both leases. The circuit court found that while petitioner was awarded $17,317 at trial, she did not prevail on all issues in the case. The court pointed out that respondent prevailed on numerous issues on summary judgment, including the question of the validity of the extension agreement for the RadioShack lease. "[A]t the conclusion of the jury trial, [petitioner] was entitled to a total award of $18,250.38, and [respondent] was entitled to a total award of $14,058.84. Accordingly, at that time, the degree to which [petitioner] prevailed was small; a $4,191.54 difference from the amount award to [respondent]." The court also pointed out that petitioner appealed the summary judgment order and that respondent incurred additional attorney's fees and expenses in responding to that appeal. Further, respondent was the prevailing party on appeal. The circuit court, therefore, concluded that both parties had prevailed on various issues in this legal action and that neither party substantially prevailed, as to warrant an award of attorney's fees. In its order, the circuit court also pointed out that a pro se party is generally not entitled to recover attorney's fees, citing *Smith v. Bradley*, 223 W.Va. 286, 673 S.E.2d 500 (2007). "Because [petitioner] was a *pro se* party until the time of trial, no attorney fees were paid for the work she performed *pro se*." The circuit court also concluded that it was unnecessary to issue an order enforcing the judgment, as the judgment set forth in the amended judgment order was not appealed and the judgment was and remained valid and enforceable by petitioner.

On July 22, 2013, the circuit court entered its order denying petitioner's motion to reconsider the denial of attorney's fees and expenses. The circuit court therein reiterated its finding that neither party substantially prevailed so as to warrant an award of attorney's fees. Petitioner appeals from the July 9 and July 22, 2013, orders.

"The decision to award or not to award attorney's fees rests in the sound discretion of the circuit court, and the exercise of that discretion will not be disturbed on appeal except in cases of abuse." *Beto v. Stewart*, 213 W.Va. 355, 359, 582 S.E.2d 802, 806 (2003). Further, "'[w]here the issue on an appeal from the circuit court is clearly a question of law . . ., we apply a *do novo* standard of review.' Syl. Pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *State ex rel. Hicks v. Bailey*, 227 W.Va. 448, 711 S.E.2d 270 (2011).

Petitioner asserts three assignments of error, all of which focus on the circuit court's refusal to award attorney's fees to petitioner. First, petitioner argues that the circuit court erred by failing to grant petitioner attorney's fees as required by the terms of both commercial leases. In a substantially related argument, her second assignment of error is that the circuit court erred by finding that petitioner was not the prevailing party in the case. Due to the overlap in these arguments, the Court will address these assignments of error together. Petitioner argues that it is undisputed that both leases have provisions that the prevailing party shall be entitled to reimbursement from the other party for all expenses thus incurred, including reasonable attorney's fees. She contends that a plaintiff may be considered a prevailing party for attorney's fees purposes if he succeeds on any significant issue in litigation that achieves some of the

4

benefit he sought in bringing the suit. Petitioner asserts that while she initially prevailed on one issue that she concedes she later lost, the validity of the lease extension for the RadioShack lease, she prevailed on the other two issues litigated during this case, specifically respondent's breach of the RadioShack lease and the Citgo lease. The two issues on which petitioner prevailed were those issues presented to the jury, so petitioner argues that she was the prevailing party at trial. Therefore, she was entitled to attorney's fees under the leases.

"'As a general rule each litigant bears his or her own attorney's fees absent a contrary rule of court or express statutory or contractual authority for reimbursement.' Syl. Pt. 2, *Sally-Mike Properties v. Yokum*, 179 W.Va. 48, 365 S.E.2d 246 (1986)." Syl. Pt. 2, *State ex rel. Hicks* at 449, 711 S.E.2d at 271. The contract language at issue in the instant matter clearly allows for the award of attorney's fees only if a party prevails. Petitioner largely ignores the fact that prior to trial, this Court found that there was no extension of the commercial lease petitioner had with respondent for the location of the RadioShack store. *Evans I* at *4. As respondent points out, this was a win without a monetary award, so no credit or offset to petitioner's award was available for that finding. Petitioner also ignores the significance of the circuit court's grant of oral motions for directed verdict, including respondent's motion for a directed verdict on petitioner's claim for lost business or lost income damages and respondent's motion for a directed verdict on the damages claimed by petitioner for missing tools. As set forth above, petitioner was awarded a total of $17,317 by the jury, but because respondent was granted partial summary judgment against petitioner, respondent was also awarded damages by the circuit court. In addition, the circuit court awarded excess rent reimbursement to petitioner in the amount of $933.38. Therefore, the resulting judgment for petitioner was far less than the amount awarded by the jury. Based on the jury verdict and the awards to respondent prior to trial, the circuit court determined that neither party prevailed. Thus, the circuit court denied petitioner's motion for attorney's fees and petitioner's motion for reconsideration of that denial.

"For a plaintiff to have 'prevailed' at trial, he need not show success on every claim brought, but he must demonstrate that the litigation effected the material alteration of the legal relationship of the parties. . . ." Syllabus, in part, *Schartiger v. Land Use Corp.*, 187 W.Va. 612, 420 S.E.2d 883 (1991). While the terminology differs slightly, we previously found that

> the most obvious connotation of a successful party is his/her ultimate victory in the controversy as the winner of the lawsuit. In this context, "success" . . . means the favorable termination of something attempted; the attainment of the proposed object. And "successful" is defined as resulting or terminating in success; gaining or having gained success; having the desired effect. It is the obtaining or terminating in the accomplishment of what is desired, intended or aimed at. *Batten v. A.T. Benge Drug Co.*, 162 Iowa 280, 281, 144 N.W. 37, 38 (1931) (citation omitted).

*Dailey Gazette Co, Inc. v. W.Va. Dev. Office*, 206 W.Va. 51, 60, 521 S.E.2d 543, 552 (1999). Further, "it is sufficient if the party requesting reimbursement of costs and fees prevailed on the principal issue(s) comprising the controversy." *Id.* at 61, 521 S.E.2d at 553. In this case, as determined by the circuit court, both parties were awarded judgment on some issues, but neither party ultimately prevailed. Based upon our review of the record, including our prior decision in

5

this matter, we find that the circuit court did not err in denying petitioner's request for attorney's fees or her motion for reconsideration of that denial.

Petitioner's final assignment of error is that the circuit court erred by finding that petitioner was not entitled to attorney's fees for her pro se representation. As set forth herein, only the prevailing party was entitled to attorney's fees under the contracts at issue. Because neither party was the prevailing party, neither party was entitled to an award of attorney's fees. Therefore, we decline to address petitioner's third assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II