673 S.E.2d 500

**John SMITH, Petitioner Below, Appellant**

v.

**Dr. D.J. BRADLEY, President, Fairmont State University, Respondent Below, Appellee.**

**No. 33156.**

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 24, 2007.

Decided April 13, 2007.

John Smith, Akron, OH, Appellant Pro se.

Darrell V. McGraw, Jr., Esq., Attorney General, Charleston, Kristi A. McWhirter, Esq., Assistant Attorney General, Glenville, for Appellee.

PER CURIAM:

In this appeal, the appellant, John Smith, appeals the Circuit Court of Marion County's October 20, 2005, Dismissal Order, dismissing his Freedom of Information Act (FOIA) case against the appellee, Dr. D.J. Bradley, President of Fairmont State University. The October 20, 2005, order, removed the case from the circuit court's docket due to its earlier July 19, 2005, "Opinion Order Denying [Appellee's] Motion for Summary Judgment." The July 19, 2005, order, concluded that the appellant's request for student, peer, and chair evaluations of faculty members of Fairmont State University contained information of a personal nature subject to redaction pursuant to West Virginia's Freedom of Information Act (WV–FOIA), W.Va.Code § 29B–1–4(a)(2). As a part of his appeal, the appellant argues that he should have been provided the requested information in an unredacted form and that he was improperly denied payment of costs and attorney's fees since he substantially prevailed in his WV–FOIA claim against the appellee. Based upon the parties' briefs and arguments in this proceeding, as well as the relevant statutory and case law, we are of the opinion that the circuit court did not commit reversible error insofar as it determined that the appellant should receive the requested evaluations in a redacted form. We further affirm the circuit court's denial of attorney's fees to the appellant. We do, however, reverse the circuit court's order to the extent that it denied the appellant his reasonable court costs.

## I.

## FACTS

The appellant, John Smith, was hired as a probationary, tenure-track faculty member at Fairmont State University during the academic year 2001–2002. His employment contract was not renewed for the following year. The appellant sought relief in numerous ways with regard to Fairmont State University's decision not to renew his contract.

Initially, the appellant filed a grievance with Fairmont State University contesting the loss of his job. He was unsuccessful at all levels of his grievance. In affirming the administrative law judge's decision from the Level–IV grievance proceeding, which upheld the appellee's non-retention of the appellant, the Circuit Court of Kanawha County found several credible justifications for the appellee's actions including:

- Low student evaluations of the appellant
- Student complaints that the appellant failed to return graded materials on time
- Failure by the appellant to conduct necessary laboratory experiments in at least one course
- Failure by the appellant to competently perform the duties of the Program Director position for which he volunteered
- The fact that the appellant missed class on at least two occasions and overslept by at least 45 minutes on the day of a final exam

- Inappropriate conduct by the appellant toward a female staff member
- Inability of the appellant to cooperate or work well with colleagues and/or staff
- The appellant's conducting of an inappropriate "lottery" among female coworkers to determine who would attend a college function with him

The appellant appealed the circuit court's decision to this Court and we refused to hear that appeal on July 6, 2005.

The appellant then filed a complaint with the West Virginia Human Rights Commission with regard to the appellee's decision not to renew his contract. The Commission found "No Probable Cause" to proceed with the appellant's complaint. Soon thereafter, the appellant filed a civil action in the Circuit Court of Marion County and later filed a civil action in the Circuit Court of Kanawha County challenging his dismissal. Both of those lawsuits were dismissed without prejudice.

Next, the appellant filed another civil action in the Circuit Court of Kanawha County against the appellee, alleging that he was fired for discriminatory reasons. The appellant then filed a FOIA request with the appellee on March 18, 2005.[1] The appellee fulfilled the first part of the appellant's FOIA request, but provided blank forms for the remaining request on the ground that "[t]he student evaluations, peer evaluations, and chair evaluations of non-tenured faculty for the academic years of 2000–2001, 2001–2002, and 2002–2003, are exempt from disclosure under West Virginia Code § 29B–1–4(a)(2) and (8)."[2]

On April 5, 2005, the appellant filed the instant case in the Circuit Court of Marion County to obtain the documents withheld by the appellee. After reviewing the performance evaluations *in camera*, the circuit court in its July 19, 2005, order, determined that "while disclosure of the performance evaluations in an un-redacted form would result in an invasion of privacy for the faculty members, disclosure in a redacted form would not be an invasion of privacy." With regard to student evaluations, the circuit court stated that items "such as the instructor's name, index number, [and] class name" should be redacted. The circuit court further held that peer evaluations should be redacted by removing information "such as the name of the faculty member being evaluated, the name of the evaluator, [and] the working relationship between the two faculty members." Finally, the circuit court stated that with regard to chair evaluations, items such as "the name of the faculty member being evaluated, the signature of the chair, and the date the evaluation was completed should be redacted." The circuit court then ordered the appellee to produce the performance evaluations in redacted form as provided by its order.

Subsequently, the appellant requested a total award of $1,035.97 for attorney's fees and costs. The appellant indicated that he incurred a $50 fee for consultation with an attorney and expended an additional $985.97 in costs to prosecute his FOIA claim against the appellee. On July 19, 2005, the circuit court ordered the relevant evaluations to be provided to the appellant in redacted form, but did not award the appellant any attorney's fees or costs. On October 20, 2005, the circuit court entered its final order removing the case from its docket. The appellant appealed the circuit court's final order, which is the subject of our review today.

## II.

## STANDARD OF REVIEW

In Syllabus Point 1 of *State v. Paynter*, 206 W.Va. 521, 526 S.E.2d 43

---

1. The appellant filed his FOIA request seeking the names and titles of all non-tenured faculty in the appellee's School of Technology from 2000 to 2003 as well as disclosure of all job performance evaluations for those same faculty members for the same years.

2. West Virginia Code § 29B–1–4(a)(2) and (8), exempt:

   (2) Information of a personal nature such as that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance: Provided, That nothing in this article shall be construed as precluding an individual from inspecting or copying his or her own personal, medical or similar file; ....

   (8) Internal memoranda or letters received or prepared by any public body;

(1999), we held, " 'Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." We have further indicated that a circuit court's final order and ultimate disposition are reviewed under the abuse of discretion standard. *State ex rel. Hechler v. Christian Action Network*, 201 W.Va. 71, 491 S.E.2d 618 (1997).

## III.

## DISCUSSION

The appellant argues that the circuit court improperly ruled that the disclosure of job performance evaluations in the form of student, peer, and chair evaluations in an un-redacted form would result in an invasion of privacy for faculty members. He states that the circuit court's decision was improperly based upon this Court's holding in Syllabus Point 2 of *Manns v. City of Charleston Police Dept.*, 209 W.Va. 620, 550 S.E.2d 598 (2001), which provides: " 'The primary purpose of the invasion of privacy exemption to the Freedom of Information Act, W.Va.Code, 29B-1-4(2) [1977], is to protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information.' Syllabus Point 6, *Hechler v. Casey*, 175 W.Va. 434, 333 S.E.2d 799 (1985)."

The appellant asserts that in *Manns*, the issue was whether police records, which included internal investigation documents, were exempt from public disclosure pursuant to WV–FOIA as prescribed by W.Va.Code § 29B–1–4(a)(4). That exemption includes:

Records of law-enforcement agencies that deal with the detection and investigation of crime and the internal records and notations of such law-enforcement agencies which are maintained for internal use in matters relating to law enforcement[.]

The appellant states that in *Manns*, we declared that the disclosure of the information would result in a substantial invasion of privacy and that the request in that case would require the disclosure of all claims of

misconduct no matter how egregious, unfounded, or potentially embarrassing. The appellant explains that this Court in *Manns* further held that the investigative information in that case was obviously given with an expectation of confidentiality. According to the appellant, *Manns* is distinguishable from the case at hand in that the providers of confidential information were third-party public citizens, while disclosure in the appellant's case would have been by non-law enforcement public employees and anonymous students.

Conversely, the appellee contends that the circuit court's holding was proper and that *Manns* was directly on point. The appellee points out that WV–FOIA provides for the disclosure of public records unless the requested information falls under one of eight exceptions. W.Va.Code §§ 29B–1–1, 29B–1–4. Moreover, the appellee recognizes that while the disclosure provisions of WV–FOIA are to be liberally construed, the exemptions are to be strictly construed. *Daily Gazette Co. Inc. v. W.Va. Development Office*, 198 W.Va. 563, 482 S.E.2d 180 (1996)(internal citations omitted). The appellee further states that the personal information exemption to the WV–FOIA, found in W.Va.Code § 29B–1–4(2), excludes from disclosure:

Information of a personal nature such as that kept in a personal, medical or similar file, if the public disclosure thereof would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance: Provided, That nothing in this article shall be construed as precluding an individual from inspecting or copying his or her own personal, medical or similar file[.]

The appellee contends that whether student, peer, and chair evaluations of higher education faculty members constitute information of a personal nature exempt from the WV–FOIA is a matter of first impression by this Court. We agree. Accordingly, we will review the circuit court's finding that job performance evaluations contain personal information kept in a personal or similar file, and that disclosure of these evaluations in an un-redacted form would result in an invasion

of privacy for the faculty members, while disclosure in a redacted form would not be an invasion of privacy.

■ In making its determination, as stated above, the circuit court turned to *Manns* for guidance. The circuit court applied a five-part test from Syllabus Point 4 of *Manns*, to determine whether the disclosure of certain personal information would constitute an unreasonable invasion of privacy. Syllabus Point 4 of *Manns* provided that:

"In deciding whether the public disclosure of information of a personal nature under W.Va.Code § 29B–1–4(2) (1980) would constitute an unreasonable invasion of privacy, this Court will look to five factors:

1. Whether disclosure would result in a substantial invasion of privacy and, if so, how serious.

2. The extent or value of the public interest, and the purpose or object of the individuals seeking disclosure.

3. Whether the information is available from other sources.

4. Whether the information was given with an expectation of confidentiality.

5. Whether it is possible to mould relief so as to limit the invasion of individual privacy."

Syllabus Point 2, *Child Protection Group v. Cline*, 177 W.Va. 29, 350 S.E.2d 541 (1986).

In *Farley v. Worley*, 215 W.Va. 412, 421, 599 S.E.2d 835, 844 (2004), we reaffirmed that " 'an entire document is not exempt merely because an isolated portion need not be disclosed. Thus the agency may not sweep a document under a general allegation of exemption, even if that general allegation is correct with regard to part of the information.' " Moreover, " '[e]ven if the requester does not raise the issue of segregability at the administrative level or before the court .... an agency must adequately demonstrate to the court that all reasonably segregable, non-exempt information ... was disclosed.' " *Id.* (Citations omitted). Furthermore, "a public body cannot simply state in a conclusory or cursory manner that redaction would be unreasonably burdensome or costly." *Id.*

at 423, 599 S.E.2d at 846. Equally important, as we explained in *Daily Gazette Co. I*, 198 W.Va. 563, 573, 482 S.E.2d 180, 190 (1996), FOIA "imposes upon the government agency 'the burden of showing the express applicability of [the claimed] exemption to the material requested.' " (Citations omitted).

■ In this case, we conclude that the release of the evaluations in an un-redacted form would clearly constitute a substantial invasion of individual privacy. It is clear to us that the appellee's administrators considered the job performance evaluations to be an important part of their employment records of their faculty members. Moreover, the appellee routinely used the evaluations to make retention, promotion, and merit raise decisions and to improve the teaching practices of their faculty members.

We believe that the individuals who completed the evaluations had a reasonable expectation that their responses were confidential. We also find compelling the appellee's argument that confidential evaluations help to foster the higher education system's need for an effective faculty evaluation system. We further find persuasive the appellee's argument that public disclosure of evaluations will necessarily lead to a less effective evaluation system. For instance, it is possible that a vindictive supervisor could use the public nature of the performance evaluations to personally attack employees whom he or she dislikes. Likewise, sincere evaluators will necessarily be less likely to be critical of their colleagues if un-redacted evaluations are easily available to be viewed by the public and by co-workers. A further result could be that some evaluators may not provide in-depth or truthful evaluations of their colleagues fearing that they could personally be the subject of retribution or libel lawsuits for any information found in evaluations, even if truthful, that portray colleagues in a negative manner.

Therefore, having thoroughly reviewed the entire record as well as the relevant statutory and case law in this matter, we find that the circuit court did not commit reversible error with regard to its decision to provide

redacted versions of the performance evaluations to the appellant.

■ We now turn to the appellant's request for attorney's fees and costs. The appellant maintains that pursuant to W.Va. Code § 29B–1–7, he is entitled to a total award of $1,035.97 in attorney's fees and costs he incurred proceeding with his FOIA action *pro se*.[3] As previously noted, the appellant states that the total amount for his attorney's fees was $50 for a consultation with an attorney, while the remaining amount represents his costs in bringing his FOIA claim.

■ In Syllabus Point 7, of *Daily Gazette Co., Inc. v. West Virginia Development Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999), we held:

> For a person to have brought a suit for the disclosure of public records under the West Virginia Freedom of Information Act (FOIA), as permitted by W. Va.Code § 29B–1–5 (1977) (Repl.Vol.1998), so as to entitle him/her to an award of attorney's fees for "successfully" bringing such suit pursuant to W. Va.Code § 29B–1–7 (1992) (Repl.Vol.1998), he/she need not have prevailed on every argument he/she advanced during the FOIA proceedings or have received the full and complete disclosure of every public record he/she wished to inspect or examine. An award of attorney's fees is proper even when some of the requested records are ordered to be disclosed while others are found to be exempt from disclosure or are released in redacted form. In the final analysis, a successful FOIA action, such as would warrant an award of attorney's fees as authorized by W. Va.Code § 29B–1–7, is one which has contributed to the defendant's disclosure, whether voluntary or by order of court, of the public records originally denied the plaintiff.

While *Daily Gazette* provides for an award of attorney's fees when a person substantially prevails in a FOIA suit, the appellant in this case was not represented by any attorney.

In denying the appellant an award of attorney's fees, the circuit court relied on *Wolfel v. United States*, 711 F.2d 66 (6th Cir.1983). The Court in *Wolfel* noted that the First, Third, Fourth, Fifth, Eighth, Ninth, Tenth, and Eleventh Federal Circuits have ruled that *pro se* litigants are ineligible for attorney's fees. In *Moss v. Bonnell*, 186 W.Va. 301, 306, 412 S.E.2d 495, 500 (1991), this Court stated that, "[a]lthough the circuit court has considerable discretion in his award of attorneys' fees (*Somerville v. Somerville*, 179 W.Va. 386, 369 S.E.2d 459, 463 (1988)), a basic requirement of the award is a fee charged by an attorney." In that case, Mr. Moss, who acted *pro se*, did not pay any attorney's fees and we found that an award for his attorney's fees was an abuse of discretion by the circuit court. In the case at hand, the appellant also acted *pro se* and did not pay an attorney any fees to represent him in his WV–FOIA action. Thus, we deny the appellant's request for reimbursement of his attorney's fees.

■ With regard to the appellant's request for costs, we believe that he was entitled to such recovery pursuant to W.Va.Code § 29B–1–7. The circuit court, however, found that even though the appellant substantially prevailed on his WV–FOIA claim, "[a] showing that the plaintiff substantially prevailed ... merely establishes eligibility for and 'does not automatically entitle the plaintiff to [costs].'" *Wheeler v. I.R.S.*, 37 F.Supp.2d 407, 413 (W.D.Pa.1998). (Citations omitted).

The circuit court applied a four-part test from *Wheeler* to make its determination to deny recovery of costs to the appellant. The Court in *Wheeler* explained:

> A showing that the plaintiff substantially prevailed, however, merely establishes eligibility for and does not "automatically entitle the plaintiff to [costs]." *Church of Scientology v. U.S. Postal Serv.*, 700 F.2d 486, 489 (1983); *see Anderson v. Secretary*

---

**3.** West Virginia Code § 29B–1–7 provides:

Any person who is denied access to public records requested pursuant to this article and who successfully brings a suit filed pursuant to section five of this article shall be entitled to recover his or her attorney fees and court costs from the public body that denied him or her access to the records.

*of Health and Human Servs.*, 80 F.3d 1500, 1504 (10th Cir.1996); *Chesapeake Bay Found. v. U.S. Department of Agric.*, 11 F.3d 211, 216 (D.C.Cir.1993); *Miller v. U.S. Department of State*, 779 F.2d 1378, 1389 (8th Cir.1985). The court has discretion to determine whether the plaintiff is entitled to such fees and costs. *See id.* Four factors must be weighed to make this determination: "(1) the benefit to the public to be derived from the case; (2) commercial benefit to the complainant; (3) the nature of the complainant's interest in the records which he seeks; and (4) whether the government's withholding of the record had a reasonable basis in law." *Miller*, 779 F.2d at 1389; *see GMRI, Inc. v. EEOC*, 149 F.3d 449, 452 (6th Cir.1998); *Anderson*, 80 F.3d at 1504; *Chesapeake Bay*, 11 F.3d at 216.

*Id.* at 413. The Court in *Wheeler* further provided:

> "The first three factors are very much interrelated. The primary purpose of the FOIA fee shifting provision 'is to ensure that government is conducted in the open,' ... by providing 'a method of informing the public as to governmental operations.' .... The purpose is to create an incentive for organizations and individuals to file suit to force disclosure that is in the public interest by paying their fees and costs. Thus, the awarding of fees and costs is more appropriate when there is a public interest in the disclosure of the documents and less appropriate '[w]hen a litigant seeks disclosure for a commercial benefit or other personal reasons.' "

*Id.* (Citations omitted). With regard to the fourth part of the test, the Court in *Wheeler* held:

> Finally, the reasons for the government's refusal to disclose are relevant to the balancing and may even be dispositive. The crucial question is whether the "Government's legal basis for withholding requested records is correct" or can at least be characterized as a "colorable basis in law." *Chesapeake Bay Found. v. U.S. Department of Agric.*, 11 F.3d 211, 216 (D.C.Cir.1993). If the Government's legal position is correct, then neither attorney

fees nor costs are recoverable, regardless of the other factors. *See id.* If it is found on a colorable basis in law, however, then that fact is merely weighed along with the other factors.

▮ Having reviewed the four-part test in *Wheeler*, we find it to be in stark contrast to our prior holdings and case law with regard to a plaintiff's recovery upon substantially prevailing in a WV–FOIA action. Specifically, adoption of the new test would be contrary to the clear and unambiguous language as set forth by the West Virginia Legislature in W.Va.Code § 29B–1–7. With that in mind, we have previously held: "[w]hen a statute is clear and unambiguous and the legislative intent is plain, the statute should not be interpreted by the courts, and in such case it is the duty of the courts not to construe but to apply the statute." Syllabus Point 5, *State v. General Daniel Morgan Post No. 548, V.F.W.*, 144 W.Va. 137, 107 S.E.2d 353 (1959). Moreover, we further believe that the adoption of the test from *Wheeler* would result in overruling this Court's earlier decision in *Daily Gazette Co. Inc. v. W.Va. Development Office*, 206 W.Va. 51, 521 S.E.2d 543 (1999). As we explained in Syllabus Point 7 of *Daily Gazette*, a plaintiff is entitled to recovery "even when some of the requested records are ordered to be disclosed while others are found to be exempt from disclosure or are released in redacted form." Therefore, we decline to adopt the test relied upon by the circuit court and reverse its decision to the extent that it denied the appellant reasonable court costs in this case.

In summary, upon careful review of the record, we affirm the October 20, 2005, order of the circuit court insofar as it determined that the appellant should receive the requested evaluations in a redacted form. We further affirm the circuit court's denial of attorney's fees to the appellant. We do, however, reverse the circuit court's order to the extent that it denied the appellant his court costs. While the appellant indicates that he incurred costs of approximately $985.00, the records contain no documentation to support

this figure. Consequently, we remand this case to the circuit court to determine an appropriate award of the appellant's costs pursuant to W.Va.Code § 29B–1–7. In doing so, the circuit court should be mindful that the appellant is only entitled to reasonable costs which specifically relate to his WV–FOIA action for bringing the appellee in compliance with his FOIA request. His award of costs should in no way result in recovery for any of his expenses surrounding his private legal actions in numerous circuit courts against the appellee for failure to renew his employment contract. Those expenditures are completely separate from the appellant's underlying WV–FOIA action and must be treated as such by the circuit court in determining the appellant's reasonable costs.

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Marion County entered on October 20, 2005, is affirmed in part, and reversed in part, and remanded with directions for the Circuit Court of Marion County to award reasonable costs to the appellant.

Affirmed in part, Reversed in part, and Remanded with directions.