IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2024 Term

_____

No. 22-0491

_____

FILED

March 15, 2024

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

TAX ANALYSTS,
Petitioner,

v.

MATTHEW IRBY,
West Virginia State Tax Commissioner,
Respondent.

_____

Appeal from the Circuit Court of Kanawha County
The Honorable Tera Salango, Judge
Civil Action No. 22-P-80

REVERSED AND REMANDED WITH DIRECTIONS
_____

Submitted: February 6, 2024
Filed: March 15, 2024

Zachary J. Rosencrance, Esq.
Bowles Rice, LLP
Charleston, West Virginia
Cornish F. Hitchcock, Esq.
Hitchcock Law Firm, PLLC
Washington, D.C.
Counsel for Petitioner

Patrick Morrissey, Esq.
Attorney General
Katherine A. Schultz, Esq.
Senior Deputy Attorney General
Sean M. Whelan, Esq.
Deputy Attorney General
Charleston, West Virginia
Counsel for Respondent

CHIEF JUSTICE ARMSTEAD delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.      "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."  Syllabus Point 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995).

2.      """Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).' Syllabus Point 1, *State v. Paynter*, 206 W.Va. 521, 526 S.E.2d 43 (1999)." Syllabus Point 1, *In re Charleston Gazette FOIA Request*, 222 W. Va. 771, 671 S.E.2d 776 (2008).

3.      "'The disclosure provisions of this State's Freedom of Information Act, *W. Va. Code*, 29B-1-1 *et seq.*, as amended, are to be liberally construed, and the exemptions to such Act are to be strictly construed. *W. Va. Code*, 29B-1-1 [1977].' Syl. Pt. 4, *Hechler v. Casey*, 175 W.Va. 434 S.E.2d 799 (1985)."  Syllabus Point 3, *Charleston Gazette v. Smithers*, 232 W. Va. 449 S.E.2d 603, 607 (2013).

4.      "'The party claiming the exemption from the general disclosure requirement under West Virginia Code § 29B-1-4 has the burden of showing the express applicability of such exemption to the material requested.' Syllabus Point 7, *Queen v. W.*

i

*Va. Univ. Hosps., Inc.*, 179 W.Va. 95, 365 S.E.2d 375 (1987)." Syllabus Point 4, *Charleston Gazette v. Smithers*, 232 W. Va. 449, 752 S.E.2d 603 (2013).

5.    "When a public body asserts that certain documents or portions of documents in its possession are exempt from disclosure under any of the exemptions contained in W. Va.[]Code, 29B-1-4 (2002 Repl. Vol.) (2003 Supp.), the public body must produce a *Vaughn* index named for *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The *Vaughn* index must provide a relatively detailed justification as to why each document is exempt, specifically identifying the reason(s) why an exemption under W. Va.[]Code, 29B-1-4 is relevant and correlating the claimed exemption with the particular part of the withheld document to which the claimed exemption applies. The *Vaughn* index need not be so detailed that it compromises the privilege claimed. The public body must also submit an affidavit, indicating why disclosure of the documents would be harmful and why such documents should be exempt. Syllabus point 3 of *Daily Gazette Co., Inc. v. West Virginia Development Office*, 198 W.Va. 563, 482 S.E.2d 180 (1996), is hereby expressly modified." Syllabus Point 6, *Farley v. Worley*, 215 W. Va. 412, 599 S.E.2d 835 (2004).

ARMSTEAD, Chief Justice:

Petitioner, Tax Analysts ("Tax Analysts"), is a nonprofit organization that publishes periodicals throughout the country, including in West Virginia, to provide updates on developments affecting the tax laws and policies in various states. Tax Analysts requested copies of field audit and audit training manuals from the Respondent, West Virginia State Tax Department ("Department"), pursuant to the West Virginia Freedom of Information Act ("FOIA"). *See* W. Va. Code §§ 29B-1-1 through 7. The Department denied the request, citing a statutory exemption to disclosure under FOIA outlined in West Virginia Code § 11-10-5d(b)(5)(B) (2018).

Tax Analysts filed a declaratory judgment action in the Circuit Court of Kanawha County seeking to enjoin the Department from withholding the requested documents. Without requiring the Department to justify or establish the applicability of the statutory exemption as it relates to the documents or information contained within them, the circuit court accepted the Department's position that disclosure was not required. Accordingly, the circuit court granted the Department's motion to dismiss pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure on the basis that the documents were statutorily protected by the asserted FOIA disclosure exemption.

After review, we find that the circuit court erred by granting the Department's motion to dismiss without requiring the Department to follow the established procedure to determine whether the documents, or portions of the documents, were subject to disclosure.

1

Therefore, we reverse the circuit court's order granting the Department's motion to dismiss and remand with instructions for the circuit court to enter an order requiring the Department to file a *Vaughn* index and an affidavit indicating why disclosure of the documents would be harmful and why they should be exempt.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 29, 2021, Tax Analysts sent a letter to the Department requesting that the Department produce, pursuant to its obligations under FOIA, current field audit manuals, audit training manuals, training materials, and continuing education materials. The Department denied the request in its entirety, citing West Virginia Code § 11-10-5d(b)(5)(B), which exempts documents that disclose the standards used "for the selection of [tax] returns for examination or data used or to be used for determining such standards." The Department asserted that disclosure of the information contained in the requested documents could educate potential tax evaders on how to violate state tax laws.

Tax Analysts filed a complaint in the Circuit Court of Kanawha County on March 3, 2022, seeking a declaration that the Department improperly withheld the requested information, and a permanent injunction to prevent the Department from

---

[1] When a public body claims that certain documents or portions of documents in its possession are exempt from disclosure pursuant to a FOIA exemption, the public body must produce a *Vaughn* index, named for *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). *See* Syl. Pt. 6, in part, *Farley v. Worley*, 215 W. Va. 412, 599 S.E.2d 835 (2004). The public body must also submit an affidavit indicating why disclosure of the documents or portions of the documents would be harmful and why they should be exempt. *Id.*

2

continuing to withhold the requested information. The Department filed a motion to dismiss, arguing that the requested information was exempt from FOIA disclosure under W. Va. Code § 11-10-5d(b)(5)(B). The circuit court agreed with the Department and granted the motion to dismiss. Thereafter, Tax Analysts filed the instant appeal.

## II. STANDARD OF REVIEW

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Similarly,

> "'[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syllabus Point 1, *State v. Paynter*, 206 W.Va. 521, 526 S.E.2d 43 (1999).

Syl. Pt. 1, *In re Charleston Gazette FOIA Request*, 222 W. Va. 771, 671 S.E.2d 776 (2008).

## III. ANALYSIS

The question before this Court is whether the circuit court erred when it determined that West Virginia Code § 11-10-5d(b)(5)(B) permitted the Department to deny Tax Analysts's FOIA request, thereby preventing Tax Analysts from establishing any set of facts that would entitle it to the relief requested. *See John W. Lodge Distrib. Co. v. Texaco, Inc.*, 161 W. Va. 603, 245 S.E.2d 157 (1978) ("Because a Rule 12(b)(6) motion is designed to weed out unfounded suits, the ultimate test under Rule 12(b)(6) is whether the plaintiff can prove any set of facts that would entitle him or her to the relief requested.").

3

For the reasons detailed below, we find that dismissal of Tax Analysts's complaint was in error and the circuit court should have required the Department to produce an index and affidavit to demonstrate to the court its basis for withholding the requested information.[2]

At the initial pleadings stage of a FOIA dispute, the disputed materials are generally unknown to both the court and the opposing party. This fact renders dismissal of an action challenging refusal to disclose requested documents pursuant to Rule 12(b) disfavored except in limited circumstances. Indeed, except where it is clear from the complaint that the requested documents fall within a specific exemption, a FOIA challenge is more appropriately considered at the summary judgment stage, after the parties have conducted discovery, to ensure fair resolution. *See Farley*, 215 W. Va. at 418, 599 S.E.2d at 841 (quoting *Evans v. Office of Personnel Mgt.*, 276 F.Supp.2d 34, 37 (D.D.C.2003)). Although this Court has previously affirmed an order granting a motion to dismiss a FOIA

---

[2] Tax Analysts argues that the circuit court "never mentioned [the motion to dismiss] standard or attempted to explain why Tax Analysts' complaint failed to satisfy [the] minimal [12(b)(6)] requirement." However, the circuit court reiterated the 12(b)(6) standard in its order granting the motion to dismiss. The circuit court explained the purpose of a Rule 12(b)(6) motion and reiterated the ultimate test: whether the plaintiff can prove any set of facts that would entitle it to relief. *See id.* Tax Analysts also asserts that the court erred by granting the motion because it has already acquired similar records from forty other state tax departments, generally with few or no redactions, and some state tax departments publish comparable manuals online. These facts are unpersuasive, as the circuit court's order relied on West Virginia's FOIA statute, including its disclosure exemptions. Other states' disclosure of similar requested material does not control in this matter.

4

action, in that case the documents requested fell "squarely within" the exemption to justify withholding the documents without further inquiry into their contents. *Appalachian Mountain Advocs. v. W. Va. Univ.* No. 19-0266, 2020 WL 3407760 (W. Va. June 18, 2020) (memorandum decision). Here, where the requested documents were not disclosed, it is impossible to determine if the manuals and other materials requested by Tax Analysts fall squarely within the West Virginia Code § 11-10-5d(b)(5)(B) exemption provision. The exemption is limited to "standards used or to be used for the selection of returns for examination or data used or to be used for determining such standards." Absent additional information, the circuit court could not determine whether disclosure of the requested documents would reveal exempted information.

When a requesting party challenges a decision by an agency to withhold requested documents, such challenge must be evaluated by first looking to the text of the West Virginia FOIA statute. Both the express text of the FOIA statute, as well as this Court's interpretation of that statute, make clear that, except where the requested documents fall within an express exemption, the public policy of West Virginia favors full and free disclosure. It is the public policy of West Virginia, as established by the West Virginia Legislature, that the provisions of the FOIA are to be liberally construed to accomplish the principle that

> "all persons are, unless otherwise expressly provided by law, entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that

5

they may retain control over the instruments of government they have created."

W. Va. Code § 29B-1-1 (1977).

Although the established public policy of our state ensures public access to information regarding the operation of our government, the Legislature has identified specific exemptions that permit agencies to withhold documents from disclosure in limited circumstances. However, we have cautioned that

> "[t]he disclosure provisions of this State's Freedom of Information Act, *W. Va. Code*, 29B-1-1 *et seq.*, as amended, are to be liberally construed, and the exemptions to such Act are to be strictly construed. *W. Va. Code*, 29B-1-1 [1977]." Syl. Pt. 4, *Hechler v. Casey*, 175 W.Va. 434 S.E.2d 799 (1985).

Syl. Pt. 3, *Charleston Gazette v. Smithers*, 232 W. Va. 449 S.E.2d 603, 607 (2013). Accordingly, when a party claims that requested documents fall within a statutory exemption, "[t]he party claiming the exemption from the general disclosure requirement under West Virginia Code § 29B-1-4 has the burden of showing the express applicability of such exemption to the material requested." Syl. Pt. 4, *Smithers*, 232 W. Va. 449, 752 S.E.2d 603 (quoting Syl. Pt. 7, *Queen v. W. Va. Univ. Hosps., Inc.*, 179 W.Va. 95, 365 S.E.2d 375 (1987)); *see also* W. Va. Code § 29B-1-5(2) (1977) ("In any suit filed under subsection one of this section, the court has jurisdiction to enjoin the custodian or public body from withholding records and to order the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the public body to sustain its action."). Here, it is clear that the circuit

6

court merely adopted the Department's characterization of the withheld documents as falling within the exemption provided for in West Virginia Code § 11-10-5d(b)(5)(B).[3]

Of particular note, the circuit court found that the Department "has reasonably interpreted" the exemption to apply to Tax Analysts's request because

> the methodologies by which it selects returns for auditing is *within the same category* of information as the methodologies by which the Tax Department carries out its audits (*i.e.*, the requested audit manuals) – and therefore [the exemption] protects from disclosure *all documents related to the Tax Department's auditing processes*, including those requested by [Tax Analysts].

(Emphasis added). The circuit court's deference to the Department's interpretation of the statute is erroneous for three reasons. First, this broad reading of West Virginia Code § 11-10-5d(b)(5)(B) to include "all documents related to the Tax Department's auditing processes" is inconsistent with this Court's long-standing principle that exemptions to FOIA are to be construed narrowly. *See* Syl. Pt. 3, *Smithers*, 232 W. Va. 449, 752 S.E.2d 603. The language of the exemption at issue in this case protects from disclosure only those "standards used or to be used for the *selection of returns* for examination or data used or to be used for determining such standards." W. Va. Code § 11-10-5d(b)(5)(B) (emphasis added). The Department, and indeed the circuit court, expanded this exemption to include "all documents related to the Tax Department's auditing processes."

---

[3] West Virginia Code § 29B-1-4(a) lists exemptions to disclosure requirements under the FOIA, including "[i]nformation specifically exempted from disclosure by statute." *Id*. § 29B-1-4(a)(5). The Department contends that the requested documents are exempt under § 11-10-5d(b)(5)(B).

Second, in light of its broad interpretation of the exemption contained in West Virginia Code § 11-10-5d(b)(5)(B), the Department simply declined to produce any of the requested material. Therefore, the circuit court was unable to assess whether the "documents" contain "information" that is not exempted from disclosure.

Finally, the circuit court misconstrued the deference owed to the Department's interpretation of § 11-10-5d(b)(5)(B). *See Appalachian Power Co. v. State Tax Dep't of W. Va.*, 195 W. Va. 573, 582, 466 S.E.2d 424, 433 (1995) (discussing judicial review of and deference to an agency's construction of a statute through rulemaking). It is true that "[i]nterpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous." Syl. Pt. 4, *Sec. Nat. Bank & Tr. Co. v. First W. Va. Bancorp., Inc.*, 166 W. Va. 775 277 S.E.2d 613 (1981). However, this policy "does not . . . 'extend to *ad hoc* representations on behalf of an agency, such as litigation arguments.'" *Pool v. Greater Harrison Cnty. Pub. Serv. Dist.*, 241 W. Va. 233, 239 n.7, 821 S.E.2d 14, 20 n.7 (2018) (quoting *Petition of Snuffer*, 193 W. Va. 412, 417, 456 S.E.2d 493, 498 (1995) (Cleckley, J., concurring); *see also W. Va. Health Care Cost Review Auth. v. Boone Mem'l Hosp.*, 196 W. Va. 326, 334, 472 S.E.2d 411, 419 (1996) ("[C]ourts customarily withhold . . . deference from agencies litigating positions."). Indeed, the FOIA statute is not one that the Department is uniquely charged with administering. Unlike a statute that deals specifically with tax policy, the FOIA statute is not a statute that falls within the sole expertise or purview of the Department to interpret, but instead applies to all public agencies.

Accordingly, the Department has failed to meet its "burden of showing the express applicability of such exemption to the material requested." Syl. Pt. 4, *Smithers*, 232 W. Va. 449, 752 S.E.2d 603. The mechanism by which a public body generally makes this showing of applicability is by producing a *Vaughn* index, which must detail why the requested information is exempt from disclosure and identify which exemption applies. In this context, we have held:

> When a public body asserts that certain documents or portions of documents in its possession are exempt from disclosure under any of the exemptions contained in W. Va.[]Code, 29B-1-4 (2002 Repl.Vol.) (2003 Supp.), the public body must produce a *Vaughn* index named for *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). The *Vaughn* index must provide a relatively detailed justification as to why each document is exempt, specifically identifying the reason(s) why an exemption under W. Va.[]Code, 29B–1–4 is relevant and correlating the claimed exemption with the particular part of the withheld document to which the claimed exemption applies. The *Vaughn* index need not be so detailed that it compromises the privilege claimed. The public body must also submit an affidavit, indicating why disclosure of the documents would be harmful and why such documents should be exempt. Syllabus point 3 of *Daily Gazette Co., Inc. v. West Virginia Development Office*, 198 W.Va. 563, 482 S.E.2d 180 (1996), is hereby expressly modified.

Syl. Pt. 6, *Farley*, 215 W. Va. at 412, 599 S.E.2d at 835.

Instead of justifying its refusal to disclose the requested documents through submission of a *Vaughn* index, the Department simply did not disclose any of the documents and claimed generally that they fit within the exemption set forth in West Virginia Code § 11-10-5d(b)(5)(B). The Department refused to provide the documents

9

despite this Court's disapproval of such generalized claims of exemption from disclosure. We have previously warned that:

> "'[A]n entire document is not exempt merely because an isolated portion need not be disclosed. Thus the agency may not sweep a document under a general allegation of exemption, even if that general allegation is correct with regard to part of the information.'" Moreover, "'[e]ven if the requester does not raise the issue of segregability at the administrative level or before the court . . . . an agency must adequately demonstrate to the court that all reasonably segregable, non-exempt information . . . was disclosed.'" *Id.* (Citations omitted). Furthermore, "a public body cannot simply state in a conclusory or cursory manner that redaction would be unreasonably burdensome or costly." *Id.* at 423, 599 S.E.2d at 846. Equally important, as we explained in *Daily Gazette Co. I[nc.]*, 198 W.Va. 563, 573, 482 S.E.2d 180, 190 (1996), FOIA "imposes upon the government agency 'the burden of showing the express applicability of [the claimed] exemption to the material requested.'" (Citations omitted).

*Smith v. Bradley*, 223 W. Va. 286, 291, 673 S.E.2d 500, 505 (2007).

The Department's general assertion that § 11-10-5d(b)(5)(B) exempts the requested documents in their entirety lacks the specificity required by *Smithers*, *Farley*, and *Smith*. To establish a valid exemption from the duty to disclose under § 11-10-5d(b)(5)(B), the Department should have produced a *Vaughn* index to justify withholding the documents, or portions thereof, plus an affidavit justifying the exemption and explaining why disclosure of the requested documents would be harmful. *See* Syl. Pt. 6, in part, *Farley*, 215 W. Va. at 412, 599 S.E.2d at 835. The only way the circuit court could have reasonably determined whether the requested documents would disclose information exempted by statute, or whether the documents also included information that

10

did not fall within § 11-10-5d(b)(5)(B), would have been to review a *Vaughn* index and affidavit filed by the Department, and, if necessary, to review the disputed records *in camera*.[4]

The Department, therefore, failed to sufficiently justify its refusal to disclose the requested documents or to establish that all of the requested material fell within the statutory exemption asserted by the Department. The circuit court, likewise, erred by adopting the Department's position that the documents requested by Tax Analysts were protected from disclosure under § 11-10-5d(b)(5)(B) without requiring adequate justification from the Department. The court's conclusion required factual determinations about the undisclosed documents that could only be made after the Department produced a *Vaughn* index and proper affidavit.

---

[4] We note that the Department's "duty to redact or segregate is not necessarily absolute." *Farley*, 215 W. Va. at 422, 599 S.E.2d at 845. The courts may absolve a public body from its duty to redact or segregate requested documents when the process would impose an unreasonably high burden or expense. *See* Syl. Pt. 9, *Highland Min. Co. v. W. Va. Univ. School of Med.*, 235 W. Va. 370, 774 S.E.2d 36, 42 (2015). Tax Analysts has never disputed the Department's right to redact and withhold statutorily exempt portions of the requested documents. Similarly, the Department has never established that redaction would impose an undue burden upon it. *See Farley*, 215 W. Va. at 422 n.14, 599 S.E.2d at 845 n.14 (emphasizing that FOIA requests must be reasonable out of "concern that information requests not become mechanisms to paralyze other necessary government functions"). Indeed, because the Department has withheld the documents from disclosure, and has failed to provide a *Vaughn* index, it would be difficult for the circuit court, or this Court, to make such determination at this stage of the proceedings.

## IV. CONCLUSION

Accordingly, for the reasons stated above, we find that the circuit court erred by granting the Respondent's motion to dismiss. We therefore reverse the circuit court's dismissal order and remand this case for further proceedings consistent with this Opinion.

Reversed and Remanded with Directions.