IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**June 13, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**HP, INC.,**
**Defendant Below, Petitioner**

**v.)  No. 23-ICA-203**          (Cir. Ct. Putnam Cnty. No. CC-40-2021-C-142)

**JUDITH THOMAS,**
**Plaintiff Below, Respondent**

### MEMORANDUM DECISION

Petitioner HP, Inc. ("HP") appeals the Circuit Court of Putnam County's April 26, 2023, "Order Denying HP Motion to Set Aside Default Judgment." Judith Thomas filed a response. HP timely filed a reply.[1] The issue on appeal is whether the circuit court erred when it granted Ms. Thomas' motion for default judgment and awarded her $43,638.25 in damages.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' oral and written arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's order, but no substantial question of law. Therefore, this case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure. For the reasons set forth below, the circuit court's order in this case is affirmed, in part, reversed, in part, vacated, in part, and remanded.

Ms. Thomas purchased an HP laptop on July 15, 2019. A little over a year later, upon Ms. Thomas' request, HP replaced the laptop when it began malfunctioning. Soon thereafter, the replacement laptop also became inoperable. On May 10, 2021, Ms. Thomas made a warranty claim on the laptop and requested a purchase price refund.[2] She alleges that HP denied her request for a refund and instead offered to diagnose and/or repair the replacement laptop or provide Ms. Thomas with an HP gift card of equal or lesser value. On September 2, 2021, Ms. Thomas filed a complaint against HP in circuit court alleging breach of warranty and misrepresentation regarding her purchase of an HP laptop and

---

[1] HP is represented by Patrick Timony, Esq., Gabriele Wohl, Esq., and J. Tyler Barton, Esq. Judith Thomas is self-represented.

[2] Ms. Thomas purchased a 3-year extended warranty from HP following her purchase of the first laptop in 2019. The coverage was available from June 26, 2020, to June 26, 2023.

extended warranty. Ms. Thomas sought "judgment against [HP] in the amount of $10,000, plus costs, attorney fees, and such other relief as the Court or jury deems proper." Importantly, although not actively practicing, Ms. Thomas is a licensed attorney in the state of West Virginia but was self-represented in the underlying matter.

HP was served through the West Virginia Secretary of State but did not respond to the summons. HP maintains it did not timely respond because the complaint, after receipt at HP, was mistakenly misrouted to the wrong division, and the HP employee who handled the forwarding of such matters was on medical leave for cancer treatments, resulting in the complaint and summons not being delivered to HP's legal department.

On February 28, 2022, Ms. Thomas filed a motion for default judgment based upon HP's failure to respond. In her prayer for relief, Ms. Thomas stated:

> WHEREFORE, for the foregoing reasons, those later assigned, and for those this Court may deem appropriate, Plaintiff Judith P. Thomas respectfully requests this Court enter default judgment against Defendant HP Inc., and award her $15,000 for compensatory, consequential, and incidental damages, including loss of use, annoyance and inconvenience, attorney fees and costs, and $25,000 in punitive damages for HP's material misrepresentations, willful and reckless conduct.

On July 29, 2022, the circuit court held a hearing on the issue of damages.[3] The transcript reflects that Ms. Thomas provided brief testimony as to damages with her compensatory and punitive damages totaling $50,156.95. As part of her compensatory damages, she sought attorney fees of $8,020.00, which she based on the 24.9 hours she had spent on the case at $300.00 per hour—the rate she last charged when in private practice.

On October 21, 2022, the circuit court entered its original default judgment order, awarding Ms. Thomas "$14,507.92 in compensatory damages, $20,000 in punitive damages, and costs of [$]9,130.33, together with 4% post-judgment interest." This included an $8,800.00 award of attorney fees. On November 27, 2022, the circuit court entered the amended default judgment order, adding additional analysis to its decision and awarding Ms. Thomas the same damages from its prior order.[4]

---

[3] HP did not appear at the damages hearing, and the parties dispute whether HP was given notice of the hearing.

[4] In this order, the circuit court itemized the compensatory damages award and calculated the total as $15,507.92. However, in the concluding paragraphs of the order, the circuit court listed the compensatory damages award as $14,507.92. As this clerical discrepancy has no bearing on this Court's decision, the Court will not address it further.

On January 19, 2023, HP, by counsel, made its first appearance below and filed a Rule 60(b) motion to vacate and/or set aside the amended default judgment order. The circuit court denied the motion on April 26, 2023. In the order, the circuit court found that HP had not established good cause for setting aside the judgment under Syllabus Points 3-5 of *Hardwood Group v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006). The court also found that HP had not appeared in this case for one and a half years, and that the illness of an employee did not make its nonappearance excusable; the court and Ms. Thomas had expended considerable time and effort in the case during that time; and that HP failed to establish issues of material fact or meritorious defenses. The circuit court also found it had subject matter jurisdiction because the damages limitations of its agreements were not permitted by the Uniform Commercial Code ("UCC") and that Ms. Thomas was entitled to seek compensatory, consequential, incidental, and punitive damages. The court also found that the UCC entitled Ms. Thomas to attorney fees. This appeal followed.[5]

This case requires that we utilize several different standards of review. First, "an appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 2, *Builders' Serv. & Supply Co. v. Dempsey*, 224 W. Va. 80, 680 S.E.2d 95, 96 (2009) (quoting Syl. Pt. 3, *Toler v. Shelton,* 157 W. Va. 778, 204 S.E.2d 85 (1974)).

Second, we review default judgments under an abuse of discretion standard. *See Groves v. Roy G. Hildreth & Son, Inc.*, 222 W. Va. 309, 314, 664 S.E.2d 531, 536 (2008) (per curiam) (citations omitted). Our Supreme Court has held that "[a] motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." *Id.* (citation omitted). Moreover, the burden of proof is on the appellant to show that there was error in the proceeding below, with all presumptions being in favor of the trial court. *See id.* (citation omitted).

Third, we review an award of attorney fees under an abuse of discretion standard. *See Sanson v. Brandywine Homes, Inc*., 215 W. Va. 307, 310, 599 S.E.2d 730, 733 (2004) (per curiam). Finally, we apply a *de novo* standard of review to the punitive damages award. *Quicken Loans, Inc. v. Brown*, 236 W. Va. 12, 34, 777 S.E.2d 581, 603 (2014).

HP asserts four assignments of error. First, HP argues that the default judgment is void pursuant to Rule 60(b)(4) of the West Virginia Rules of Civil Procedure because the amount of Ms. Thomas' damages falls below the circuit court's jurisdictional threshold within West Virginia Code § 51-2-2(b) (2017). Second, HP argues that the factors set forth in *Hardwood Group v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006) support setting aside the default judgment and that HP's actions fall under "excusable neglect" pursuant

---

[5] Rule 19 Oral Argument was held on May 21, 2024.

to Rule 60(b) of the West Virginia Rules of Civil Procedure. Third, HP argues that the default judgment is void pursuant to Rule 60(b)(4) of the West Virginia Rules of Civil Procedure because the circuit court lacked subject matter jurisdiction to consider Ms. Thomas' claims. Fourth, HP argues that the circuit court abused its discretion in denying HP's motion to set aside judgment because it was error to award Ms. Thomas, as a self-represented litigant, $8,800.00 in attorney fees. Finally, HP argues that the circuit court abused its discretion in awarding Ms. Thomas $20,000.00 in punitive damages without the requisite analysis of the factors set forth in Syllabus Points 3 and 4 of *Garnes v. Fleming Landfill, Inc.*, 186 W. Va. 656, 413 S.E.2d 897 (1991) and Syllabus Point 7 of *Perrine v. E.I. du Pont Nemours and Co.*, 225 W. Va. 482, 694 S.E.2d 815 (2010) (clarifying the *Garnes* factors).[6]

First, HP argues that the default judgment is void pursuant to Rule 60(b)(4) of the West Virginia Rules of Civil Procedure because the circuit court lacked subject matter jurisdiction to consider Ms. Thomas' claims. HP argues that, even assuming the truth of the allegations set forth in her complaint, the sum of her claims falls below the jurisdictional threshold in West Virginia Code § 51-2-2(b) ("[T]he circuit court shall have original and general jurisdiction of all matters at law where the amount in controversy, excluding interest, exceeds $7,500"). We disagree. A complaint should be construed in the light most favorable to the plaintiff. *See Pierson v. Miles*, No. 22-0501, 2023 WL 6012535, at *2 (W. Va. Sept. 15, 2023) (memorandum decision). The circuit court retains jurisdiction if the complaint contains sufficient allegations that could support the amount in controversy. *See id.* Here, Ms. Thomas alleged $10,000.00 in damages, which arose from her alleged loss of use, loss of data, business interruption, annoyance, inconvenience, as well as the cost of the laptop and ink cartridges. In construing the allegations in the complaint in the light most favorable to Ms. Thomas, we find that the jurisdictional amount in controversy requirement was satisfied here.

Second, HP argues that the circuit court erred when it failed to set aside the default judgment because the *Hardwood Group v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006) factors weigh in its favor. We agree that the factors weigh in HP's favor but disagree to the extent to which 60(b) has been satisfied. Our Supreme Court has spoken on how a trial court should consider Rule 55(c) motions to set aside a default judgment:

> In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

---

[6] We have reordered HP's assignments of error to accord with our analysis.

Syl. Pt. 3, *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979). Then, the trial court must consider whether one of the grounds set forth in Rule 60(b) of the West Virginia Rules of Civil Procedure[7] has been satisfied. *See* Syl. Pt. 5, *Hardwood Group v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006).

First, we consider the degree of prejudice suffered by Ms. Thomas caused by HP's delay in answering her complaint. HP argues that Ms. Thomas can still pursue her claims against HP and that she has not lost any evidence caused from the delay. We agree. Any financial losses claimed by Ms. Thomas could be recovered pursuing her claims against HP.

Second, we consider the presence of material issues of fact and meritorious defenses. Ms. Thomas seeks relief under two HP agreements: (1) HP Service Agreement and (2) HP Instant Ink Terms of Service, both of which contain limitation of damages provisions.[8] HP argues that the agreements and West Virginia Code § 46-2-719[9] provide HP with meritorious defenses. Further, albeit separately, HP asserts that the circuit court's

---

[7] Rule 60(b) of the West Virginia Rules of Civil Procedure states, in part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[8] The HP Service Agreement limits damages to the recovery of either the cost of repair or replacement cost of the laptop and expressly excludes all other consequential and special damages. The HP Instant Ink Terms of Service limit damages to the recovery of the subscription charge and excludes the recovery of all consequential and special damages. Per Ms. Thomas' Memorandum in Support of Motion for Default Judgment, Ms. Thomas stated that the value of her laptop was $1,527.98 and the HP Instant Ink services for eight months totaled $213.92.

[9] This section of the Uniform Commercial Code details the limitations on remedies for contracts.

award of attorney fees and punitive damages was contrary to law, qualifying as a meritorious defense. We agree. When faced with a question of whether a meritorious defense exists, we are instructed to determine whether "there is ... reason to believe that a result different from the one obtained would have followed from a full trial." *Cales v. Wills*, 212 W. Va. 232, 242, 569 S.E.2d 479, 489 (2002) (citation omitted). Although we make no finding as to whether HP could have ultimately prevailed on these defenses, we find that the presence of the defenses is enough to satisfy this factor.

Third, we consider the significance of the interests at stake. HP argues that significant stakes exist in this case due to the high amount of punitive damages and attorney fees awarded in this case. We agree. The circuit court awarded $43,638.25 to Ms. Thomas, which included $8,800.00 in attorney fees and $20,000.00 in punitive damages. When considering that the laptop at the center of this case was valued at approximately $1,500.00, we find the stakes in this case to be relatively significant.

Fourth, we consider the degree of intransigence on the part of the defaulting party. HP asserts that it failed to respond to Ms. Thomas' complaint due to an internal routing mistake, which caused the complaint to be delivered to HP's customer relations division instead of its small claims division. HP claims it only became aware of the allegations when the amended default judgment order was served fifteen months later. As discussed below, HP's failure to respond was a result of circumstances well within its control. Accordingly, we find HP moderately, but not severely, intransigent.

In light of our analysis of the *Parsons* factors, we find HP to have successfully demonstrated good cause.

Finding Rule 55(c) good cause satisfied, we next consider whether HP satisfied one of the grounds set forth under Rule 60(b) to set aside the default judgment. HP argues that "excusable neglect" is applicable in this case because Ms. Thomas' complaint was mistakenly misrouted to the wrong department, and the employee responsible for small claims was on a leave of absence. *See* W. Va. R. Civ. P. 60(b)(1). We disagree. Our Supreme Court has held that excusable neglect requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Delapp v. Delapp*, 213 W. Va. 757, 762, 584 S.E.2d 899, 904 (2003) (per curiam) (citations omitted). HP is a large business equipped with the financial resources to have sufficient staff and policies and procedures in place to handle important documents. HP has failed to demonstrate that it had a sufficient reason for not responding to Ms. Thomas' complaint in a timely manner. We find that excusable neglect is not applicable here. Accordingly, the circuit court did not err when it refused set aside the default judgment on this basis.

We now turn to HP's arguments regarding attorney fees and punitive damages. As set forth more fully below, we conclude that, solely on the issues of attorney fees and

punitive damages, we set aside part of the damage award contained in the default judgment order entered by the court pursuant to Rule 60(b)(6). HP argues that the circuit court abused its discretion in denying HP's motion to set aside judgment because it was error to award Ms. Thomas, a self-represented litigant, $8,800.00 in attorney fees. We agree. West Virginia law clearly precludes the recovery of attorney fees for a self-represented litigant. *See Smith v. Bradley*, 223 W. Va. 286, 292, 673 S.E.2d 500, 506 (holding that a *pro se* litigant is not entitled to attorney fees because *pro se* litigants have not paid attorney fees and, therefore, cannot collect them). Accordingly, we find that the circuit court abused its discretion by not setting aside the default judgment regarding the award for attorney fees.

HP also argues that the circuit court abused its discretion in awarding Ms. Thomas $20,000.00 in punitive damages, which she did not expressly seek in her complaint (which she never sought to amend), without the requisite analysis of the factors set forth in Syllabus Points 3 and 4 of *Garnes v. Fleming Landfill, Inc.*, 186 W. Va. 656, 413 S.E.2d 897 (1991) and Syllabus Point 7 of *Perrine v. E.I. du Pont Nemours & Co.*, 225 W. Va. 482, 694 S.E.2d 815 (2010) (clarifying the *Garnes* factors). Again, we agree. Pursuant to *Perrine*:

> When this Court, or a trial court, reviews an award of punitive damages, the court must first evaluate whether the conduct of the defendant toward the plaintiff entitled the plaintiff to a punitive damage award under *Mayer v. Frobe,* 40 W.Va. 246, 22 S.E. 58 (1895), and its progeny. If a punitive damage award was justified, the court must then examine the amount of the award pursuant to the aggravating and mitigating criteria set out in *Garnes v. Fleming Landfill, Inc.,* 186 W.Va. 656, 413 S.E.2d 897 (1991), and the compensatory/punitive damage ratio established in *TXO Production Corp. v. Alliance Resources Corp.,* 187 W.Va. 457, 419 S.E.2d 870 (1992).

*Perrine*, at Syl. Pt. 6. Under *Mayer*, a petitioner may be entitled to punitive damages:

> In actions of tort, where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive, or vindictive damages; these terms being synonymous.

Syl. Pt. 4, *Mayer v. Frobe,* 40 W. Va. 246, 22 S.E. 58 (1895). Next, the circuit court is required to assess whether the punitive damages are justified by aggravating evidence including, but not limited to:

> (1) the reprehensibility of the defendant's conduct; (2) whether the defendant profited from the wrongful conduct; (3) the financial position of the defendant; (4) the appropriateness of punitive damages to encourage fair and

7

reasonable settlements when a clear wrong has been committed; and (5) the cost of litigation to the plaintiff. The court should then consider whether a reduction in the amount of the punitive damages should be permitted due to mitigating evidence including, but not limited to: (1) whether the punitive damages bear a reasonable relationship to the harm that is likely to occur and/or has occurred as a result of the defendant's conduct; (2) whether punitive damages bear a reasonable relationship to compensatory damages; (3) the cost of litigation to the defendant; (4) any criminal sanctions imposed on the defendant for his conduct; (5) any other civil actions against the same defendant based upon the same conduct; (6) relevant information that was not available to the jury because it was unduly prejudicial to the defendant; and (7) additional relevant evidence.

*Perrine*, at Syl. Pt. 7, in part.

Here, the circuit court failed to conduct the required analysis regarding its punitive damages award; accordingly, the circuit court abused its discretion when it refused to set aside its punitive damages award. *See Quicken Loans, Inc. v. Brown*, 236 W. Va. 12, 16, 777 S.E.2d 581, 585 (2014). As to punitive damages, we vacate the circuit court's award of punitive damages and remand this matter for further proceedings, as necessary.

In sum, we affirm and do not disturb the circuit court's default judgment or award of $15,507.92 in compensatory damages, $330.33 in costs, and 4% post-judgment interest. However, pursuant to Rule 60(b)(6), we reverse and set aside the circuit court's award of $8,800 in attorney fees, and we vacate the punitive damages award of $20,000 and remand for further proceedings as necessary to consider punitive damages.

Accordingly, we affirm, in part, reverse, in part, and vacate, in part, the Circuit Court of Putnam County's April 26, 2023, "Order Denying HP Motion to Set Aside Default Judgment" and remand for further proceedings consistent with this decision.

Affirmed, in part, Reversed, in part, Vacated, in part, and Remanded.

8

**ISSUED:** June 13, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear